## Walter *versus* Commonwealth.

1. W. was the proprietress of a drinking salóon, in which she employed female waiters, prior to the passage of the Act of March 28th 1878. That act prohibits the employment of any female in such saloon, to sell, vend, offer, procure, furnish or distribute, any intoxicating drinks to any person or persons. After the approval of the act, W. discharged her employees and entered into partnership with them. *Held,* that this was an infraction of the spirit of the law and was indictable.

2. By a proviso to the first section of said act, it is provided, " that nothing in this act shall be so construed as to prevent the wife or daughter, or any person having a license for selling or distributing aforesaid liquors." It was contended that the indictment should show upon its face that none of the female employees came within this proviso. *Held,* that this was not necessary.

3. The act of employment being a single offence, there was no misjoinder in not entering a separate indictment for each female so employed. So also in imposing a fine of $800, the minimum punishment prescribed in the act, $100 for each female employed, there being no misjoinder there was no error in the sentence.

November 15th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. AGNEW, C. J., and WOODWARD, J., absent.

Error to the Court of Quarter Sessions of *Allegheny county:* Of October and November Term 1878, No. 200.

Indictment of Fanny Walter for misdemeanor. For some time prior to the 28th day of March 1878, Fanny Walter was the keeper and proprietress of a licensed tavern on Diamond street, in the city of Pittsburgh, and had in her employ, in conducting the establishment, a number of females.

The Act of March 28th 1878, Pamph. L. 9, is as follows:— " An act relative to the employment of females in hotels, taverns, saloons and eating-houses, or other places, for the sale of intoxicating and other drinks, and the penalty for the violation thereof. Sect. 1. Be it enacted, &c., that it shall not be lawful for any owner, proprietor, keeper or agent of any hotel, tavern, saloon or eating-house, or other places where intoxicating liquors are sold, to employ or permit the employment of any female at any such hotel, tavern, saloon or eating-house, to sell, vend, offer, procure, furnish or distribute any intoxicating drinks or any admixture thereof, ale, wine, beer or cider, to any person or persons, or to employ any female as lady conversationalist, or for the purpose of attracting persons to such places, or to permit the assembling of females at such places as aforesaid, for the purpose of enticing customers or making assignations for improper purposes. Nor shall it be lawful for any female not having a license, as permitted by the laws of this Commonwealth for the sale of intoxicating liquors, to sell at any hotel, tavern, eating-house or saloon, offer, procure, furnish or distribute any intoxicating drinks or any admixture thereof, ale, beer, wine or cider, to any person or persons; provided that nothing

[Walter *v.* Commonwealth.]

in this act shall be so construed as to prevent the wife or daughter of any person having a license for selling or distributing aforesaid liquors.

"Sect. 2. Any person violating the provisions of this act shall be guilty of a misdemeanor, and upon conviction of the same, shall be sentenced to pay a fine of not less than one hundred dollars nor more than five hundred dollars for each and every female so employed, or undergo an imprisonment of not less than three months or more than one year, or either or both, at the discretion of the court having jurisdiction of the case.

"Sect. 3. That from and after the passage of this act, no license for the sale of intoxicating liquors shall be granted to any person or persons, except upon the express condition that the person or persons so licensed shall and will not employ any female or females, as provided in the first section hereof, and any person or persons so licensed shall, upon conviction for violating the provisions hereof, in addition to the penalties provided in the second section, forfeit his, her or their license."

Upon the passage of this act Fanny Walter discharged her female employees. On the 29th day of March 1878, conformably to a previous arrangement, the said Fanny Walter, and Dora Walter, Lizzie Sheriff, Bella Fielding, Clara Bradley, Dolly Feigly, Mary Bernard, Nellie Seidle and Wilhelmina Mahlman, entered into articles of partnership, in writing, for the purpose of conducting the tavern business, at the place previously occupied by Fanny Walter, under the firm name of Fanny Walter & Co. On the same day, a tavern license was duly granted and issued to said firm, for the house occupied by the firm in Diamond street, and, subsequently, in May 1878, another license was duly granted to the firm for one year from the termination of the first license. The females composing the firm were a portion of Fanny Walter's previous employees. On the 10th of April 1878, one Wm. B. Ross, agent of the "law and order" association, made an information before an alderman of the city of Allegheny, charging Fanny Walter, "on information received," with having unlawfully employed said women to vend and distribute drinks, and attract persons to said tavern, contrary to the Act of Assembly aforesaid.

On April 12th 1878, the bill of indictment (containing three counts) was returned a "true bill."

The first count charged that Fanny Walter, "on the 8th day of April 1878, at the county of Allegheny, being then and there the owner, proprietress, keeper and agent of a certain hotel, tavern, saloon, eating-house, and place where intoxicating liquors were sold, unlawfully did employ and permit the employment of a certain female and certain females, at said hotel, tavern, saloon and eating-house, to sell, vend, procure, furnish, and distribute intoxicating drinks and admixtures thereof, and ale, beer, wine, and cider, to

[Walter v. Commonwealth.]

certain persons whose names are to said inquest unknown, contrary to the form of the Act of the General Assembly," &c.

The second count charged the defendant with having, at the same time and place, employed the same females "as lady conversationalists, and for the purpose of attracting persons to said hotel, tavern, saloon and eating-house, contrary to the form of the act," &c.

The third count charged that the defendant, at the same time and place, "did then and there permit the assembling of females at said hotel, tavern, saloon and eating-house, for the purpose of enticing customers, contrary to the form of the Act of the General Assembly."

The defendant pleaded not guilty.

The court, Stowe, P. J., charged the jury as follows :

"If the jury believe that Fanny Walter, the defendant, was sole lessee of the premises occupied by her on Diamond alley, at the time this article of partnership was made and entered into, then she was the proprietor, owner, or keeper of this saloon or eating-house; and, if so, then, if she did afterwards employ or permit these so-called partners to sell, offer, or furnish beer, wine, or cider to any person or persons on the premises or within the saloon, then she is guilty under this Act of Assembly, and it is no defence that she may have done so by means of an actual or supposed partnership, such as that offered in evidence.

"To allow one who is a proprietor, lessee, or owner of a saloon, whether male or female, to take, under the cloak of partnership, even an actual one as between the parties themselves, one or more females into his concern, for the purpose of distributing drinks, would be in direct violation of the very language of the act, and is, in my opinion, a criminal offence."

Under these instructions a verdict was rendered, *pro forma*, against the defendant on the first count, and in her favor on the second and third.

The defendant was then sentenced to pay a fine of $800, pay the costs and stand committed until the sentence was complied with. She then took this writ and assigned for error the foregoing charge, and that the bill of indictment was defective and insufficient, both in form and substance, and that conviction and judgment thereon were erroneous.

*Thomas M. Marshall* and *A. M. Brown*, for plaintiff in error.— The Act of March 28th 1878, is a penal statute, and should be interpreted strictly. The act does not forbid females who are proprietors or keepers of licensed taverns from engaging in the management or work incident to such establishments. Fanny Walter & Co. were such, and engaged in the performance of their own legitimate work. They had no female employees; all were engaged in the management of their own business. An indictment

[Walter *v.* Commonwealth.]

was preferred against Fanny Walter alone, charging her with misdemeanor, in that she had employed certain females, to wit, her copartners and coproprietors, at the tavern kept by the firm, "to sell, vend, procure, furnish, and distribute intoxicating drinks," &c. The answer to this charge was that the females named were not employees but owners, proprietors and keepers, engaged with her in carrying on their own business, under a license duly granted by the Commonwealth. The truth of this answer was not and could not be questioned. The license was a matter of record. If one partner could be convicted, all could be separately indicted and convicted.

The defendant was convicted on the first count and acquitted upon the second and third. The first count charged the defendant with having employed and permitted eight females to sell and distribute liquors, but it contained no averment that the said females had not a license for the sale of intoxicating liquors. The act expressly excepts licensed females, and also the wife and daughter of any hotel-keeper. It seems to us that where, as here, a female is charged with misdemeanor for the doing of an act which, under some circumstances, is lawful, whilst under other circumstances it becomes unlawful and indictable, the indictment should affirmatively state every fact necessary to constitute the offence; it should be certain to every intent, and without any intendment to the contrary: Commonwealth *v.* Corson, 2 Parsons 475; Commonwealth *v.* Miller, Id. 480; Pennsylvania *v.* McKee, Add. 33. It is not sufficient, in an indictment for a statutory offence, to charge it in the words of the statute, unless they expressly serve to allege the act, with all the necessary additions, and without the least uncertainty or ambiguity: Commonwealth *v.* Miller, *supra*.

We contend that this joinder of eight alleged distinct offences in one count was a fatal error. We do not claim that these offences could not be joined by separate counts in the indictment, but we do claim that the defendant cannot be charged, convicted or sentenced upon one count for eight separate and distinct misdemeanors. The learned judge imposed a single sentence, namely, a fine of $800. This judgment was unauthorized by the statute; the fine being $300 more than the maximum sum fixed by the statute: Hutchison *v.* Commonwealth, 1 Norris 472; Wharton's Crim. Law, sect. 414; Commonwealth *v.* Gillispie, 7 S. & R. 469.

No counsel appeared for the Commonwealth.

Mr. Justice Paxson delivered the opinion of the court, November 25th 1878.

The plaintiff in error was indicted and convicted of a violation of the Act of 28th of March 1878, entitled "An act relative to the employment of females in hotels, taverns, saloons and eating-houses

[Walter *v.* Commonwealth.]

or other places for the sale of intoxicating and other drinks, and the penalty for violation thereof:" Pamph. L. 9. We learn from "the history of the case," that Fanny Walter, the plaintiff in error, for a considerable time prior to the 28th day of March 1878, had been the keeper of a licensed tavern on Diamond street, in the city of Pittsburgh, and had in her employ in conducting the establishment a number of females. Upon the passage of said act she discharged her female employees. On the next day, 29th of March 1878, in pursuance of a previous arrangement, she entered into articles of copartnership with eight of the employees, discharged the previous day, for the purpose of conducting the same business at the place then and previously occupied by her, under the name of Fanny Walter & Co. On the same day a tavern license was duly granted and issued to said firm for the said house on Diamond street, and subsequently, in May 1878, another license was duly granted to the firm for one year from the termination of the first license. On the 10th of April 1878, the said Fanny Walter was arrested and bound over for her appearance in the Quarter Sessions to answer the charge of violating the Act of Assembly aforesaid. A true bill was found by the grand jury at the March sessions, and in the month of June last she was tried, convicted and sentenced to pay a fine of $800.

The assignments of error, from one to five inclusive, relate to the rulings of the court upon the law, and may be considered together. The learned judge charged the jury that if they believed " that Fanny Walter, the defendant, was sole lessee of the premises occupied by her on Diamond street at the time this article of partnership was made and entered into, then she was the proprietor, owner or keeper of this saloon or eating-house, and if so, then if she did afterwards employ or permit these so-called partners to sell, offer or furnish beer, wine or cider, to any person or persons on the premises or within the saloon, then she is guilty under the Act of Assembly, and it is no defence that she may have done so by reason of a supposed or an actual partnership, such as that offered in evidence. To allow one who is proprietor, lessee or owner of a saloon, whether male or female, to take under the cloak of partnership, even an actual one as between the parties themselves, one or more females into his concern for the purpose of distributing drinks, would be in direct violation of the very language of the act, and is, in my opinion, a criminal offence."

We are unable to see any error in this ruling. The plaintiff in error was the proprietor or keeper of this saloon when the act was passed. By its terms she was prohibited from employing or permitting the employment of any female at such saloon, to "sell, vend, offer, procure, furnish or distribute any intoxicating drinks or admixture thereof, ale, wine, beer or cider, to any person or persons." For the purpose of avoiding the penalties prescribed in the act she discharged her female employees, and the next day, in pursuance

[Walter *v.* Commonwealth.]

of a previously formed design, entered into articles of copartnership with them, and the business is then carried on as before. In what respect were the relations of the parties changed by this copartnership? The articles provided that: "The said Fanny Walter shall furnish all the capital, stock, premises, supplies and materials for carrying on the said business, and shall also be the business manager of the firm; shall keep the books, receive all moneys, pay all bills and expenses, and make all contracts and purchases for carrying on the business of said firm." It was further provided that each of the said eight females should receive one-twentieth of the profits, and bear an equal proportion of the losses. The effect of this is, that the plaintiff in error retains the entire control of the business as she had before. The capital, stock and premises still belonged to her. Her new partners put in nothing and get nothing beyond a share of the profits by way of compensation. A more palpable evasion of the law could not well be devised.

It was further objected (sixth assignment) that the indictment is defective and the judgment erroneous. The above recited Act of Assembly contains the proviso, "that nothing in this act shall be so construed as to prevent the wife or daughter, or any person having a license for selling or distributing aforesaid liquors," from which it was argued that the indictment should show upon its face that none of the female employees came within the proviso. A careful reading of the first section of the act will show that this objection is not well taken. The proviso has no application to the first part of said section defining the offence for which the plaintiff in error was convicted. It manifestly relates to the offence set forth in the concluding part of the section, which is as follows: "Nor shall it be lawful for any female not having a license, as permitted by the laws of this Commonwealth, for the sale of intoxicating liquors, to sell in any hotel, tavern, eating-house or saloon, offer, procure, furnish, or distribute any intoxicating drink or any admixture thereof, ale, beer, wine or cider, to any person or persons; provided, that nothing in this act shall be so construed as to prevent the wife or daughter of any person having a license for selling or distributing aforesaid liquors." Here is an offence distinct from the one for which the plaintiff in error was indicted. The section was evidently intended to punish, first, the proprietor or keeper of a saloon for employing females to sell liquor, and second, all females not having a license, who shall sell liquors in such saloons. It is to the latter offence the proviso refers. Had the females, employed by the plaintiff, been indicted under this last clause of the section there would have been more force in the argument that the indictment should set forth that the offending parties were not licensed, and that they did not come within the terms of the proviso. But the offence for which the plaintiff in error was convicted is sufficiently charged in the words of the statute.

[Walter *v.* Commonwealth.]

It was also urged that there was a misjoinder ; that there should have been a separate indictment, or at least a separate count for the employment of each of the said females. If there were separate offences this would be so. It needs, however, but a moment's reflection to see that but a single offence was committed. That offence was the employment, and it was one act. While the evidence has not been sent up, yet there is enough in the record and history of the case to show that all of these females were employed on the same day. On the 29th of March, the plaintiff in error employed a certain number of females in her saloon in violation of the Act of Assembly. It is wholly immaterial how many she employed, except for the single purpose of ascertaining the amount of the fine. For her offence on that day she cannot be twice tried and convicted. It cannot be split up into eight offences, involving a corresponding number of indictments and trials. It might as well be said that if the Act of Assembly had prohibited the keeping of billiard tables in the saloon of the plaintiff in error, and imposed a fine for each table so kept, that she would have been liable for a separate indictment for each table. In such case the number of tables would have no significance, except in the matter of the penalty, just as in the case in hand the number of females employed guides the court in imposing the fine, but is valueless for other purposes. It may be that if upon a day subsequent to the indictment the plaintiff had taken another female into her employ for a like purpose, an indictment would lie for such subsequent act. But we have not that question before us. It is conceded that if she had committed an assault and battery upon each of said females on the 29th day of March an indictment would lie for each assault. The reason is plain. In such case the offence would have been against the person of each female respectively, as well as against the Commonwealth. Here there is no offence charged against the eight females employed, or any of them, nor have they been indicted under the act. It is an offence against the Commonwealth solely, and consists of the employment of females in a position and for certain purposes which the law wisely forbids as being against public morals.

The court imposed the minimum punishment prescribed in the act, $100 fine for each female employed. There being no misjoinder, there is no error in the sentence. Judgment affirmed.