## In re Shahade's License

*Shettig & Swope*, for appellant.

*Harry E. Simmons*, for Pennsylvania Liquor Control Board.

*David P. Pitler*, for Pennsylvania Retail Liquor Dealers Association, intervenor.

*Herman Lipsitz*, for Hotel and Restaurant Employees Alliance and Bartenders International League of America, A. F. L., intervenor.

GRIFFITH, J., August 16, 1946.—This is an appeal by licensee, George Shahade, from the action of the Pennsylvania Liquor Control Board in suspending his

license for a period of 30 days. At the hearing, it was agreed by counsel that licensee permitted a female, not the wife of the owner, proprietor, keeper or agent, to serve alcoholic beverages from behind the bar on various dates, in violation of the provisions of section 1 of the Act of July 18, 1941, P. L. 408, 37 PS §55, which reads as follows:

"It shall not be lawful for any owner, proprietor, keeper or agent of any hotel, tavern, saloon, eating house or other place where alcoholic liquors are legally sold to employ or permit the employment of any female at any such hotel, tavern, saloon or eating house to mix or serve alcoholic liquor behind the bar, or to employ any female for the purpose of enticing customers or to encourage them to drink liquor or make assignations for improper purposes: Provided, That nothing in this act shall be construed to prevent the employment of any female waitress, who regularly takes orders for food, from serving food and liquor at tables; also that nothing shall prevent any employer from employing any female stenographer, hotel secretary, clerk or other employe for their respective positions: Provided further, That nothing in this act shall be so construed as to prevent the wife of any such owner, proprietor, keeper or agent from mixing or serving alcoholic liquor behind the bar of any such place where alcoholic liquors are legally sold."

Section 2 provides that a violation shall be a misdemeanor, and that "The Liquor Control Board shall have the power to revoke or refuse licenses for violation of this act."

Appellant challenged the constitutionality of the act on three grounds: (1) That it is special legislation regulating labor, in contravention of article III, sec. 7, of the Pennsylvania Constitution; (2) that it denies females equal protection of the law, in violation of article I, sec. 1, of the same; and (3) that it is a denial of the "equal protection of the laws" guaranteed by the four-

teenth amendment, sec. 1, to the Constitution of the United States. At the oral argument, however, as well as in his brief, appellant pressed only the first contention.

Article III, sec. 7, of the Constitution of Pennsylvania provides that "The General Assembly shall not pass any local or special law . . . regulating labor, . . .".

"Discriminations against women in matters relating to intoxicating liquors have consistently been upheld by the courts": 12 Am. Jur., Constitutional Law, §497.

It is admitted by counsel for appellant that the legislature could have excluded all women from the employment prohibited by the act, but it is contended that the classification between women generally and women who are the wives of the owners, proprietors, keepers or agents is unjustified and it not based on a real distinction. The question for our judicial inquiry is not the wisdom or expediency of discriminating against the employment of women who are not the wives of owners, proprietors, keepers or agents, but whether such discrimination so lacks any reasonable basis in relation to the advancement of public welfare and morals as to be arbitrary: Borden's Farm Products Co., Inc., v. Ten Eyck, 297 U.S. 251, 56 S. Ct. 453; In re Opinion of the Justices, 303 Mass. 636, 22 N. E. (2d) 49 (1939).

"Personal qualifications on which classifications have been attempted are quite diversified, including sex, minority, alienage, race and color, military service, membership in labor unions, and employing of labor": 12 Am. Jur., Constitutional Law, §495. The question now before us is whether marriage to the owner, proprietor, keeper or agent of a licensed place is also a permitted basis for classification.

Before analyzing the precise question before us, it is worthy of note that most of the language in this act is identical with the language of the Act of March 28, 1878, P. L. 9, which made it unlawful for any "owner, proprietor, keeper or agent of any hotel, tavern, saloon

or eating house" to employ a female to sell intoxicating drinks. This act was before the courts of this Commonwealth on two occasions. In Walter v. Commonwealth, 88 Pa. 137, "the keeper" (p. 141) of a licensed tavern was convicted of employing females for the sale of intoxicating drinks, and the Supreme Court, in an opinion by Mr. Justice Paxson, dismissed the appeal. In the case of Commonwealth v. Kline, 40 D. & C. 604, Judge Hughes, while president judge of the Court of Quarter Sessions of Washington County, found that the Act of 1878 was still in force.

In neither of these cases was the constitutionality of the act attacked, but if the Act of 1941 is open to attack on the ground of unreasonable classification, certainly the Act of 1878 was open to the same attack, for the last clause in the first section of the act provided as follows:

"That nothing in this act shall be so construed as to prevent the wife or daughter of any person having a license from selling or distributing the aforesaid liquors."

It has been argued that the word "keeper" in the Act of 1941 refers to a mere barkeeper. However, the prepositional phrase "of any hotel, tavern, saloon or eating house" refers to the word "keeper", and at no place in the act is to be found any language which could be construed as confining the word to its narrower sense, meaning the keeper of the bar, and not of the premises as a whole. The same may be said of the use of the word "agent". It was suggested at the argument that the word "agent" referred merely to one who may be designated by the licensee to make purchases of liquor on behalf of the licensed place from the Pennsylvania liquor stores. In our opinion this it not the sense in which the word "agent" is used in the Act of 1941. Corporations may be issued licenses under the Pennsylvania Liquor Control Act and they may function

only through agents. The word, we believe, is used in this latter sense.

Under the Pennsylvania Liquor Control Act heavy responsibilities are placed upon licensees in regard to conduct on the premises. These duties and responsibilities are for the protection of the public, such as a prohibition against the serving of liquor to minors or to persons visibly intoxicated; also the maintenance of peace and order on the premises. The responsibility of seeing to it that the provisions of the Liquor Control Act are enforced upon their premises is placed upon licensees. In the event of a violation of one of the provisions of the act the license may be suspended or revoked, thus subjecting licensee to a heavy penalty. It cannot be expected that a mere employe would take the same interest in abiding by the statutory requirements and the regulations of the board for the protection of the public that would be taken by licensee himself. The wives of licensees can reasonably be expected to have a more vital interest in the proper operation of the licensed places and, therefore, the proper protection to the public, than other females who are merely employed on the premises. To the wife of the proprietor, or the hotel or restaurant keeper, or the agent of a corporation owning such hotel or restaurant, the orderly operation and success of the same is more important than to a mere employe. She would derive her maintenance and support from the operation of the business conducted upon the licensed premises and, therefore, her interest in the proper operation of the same would be identical with the interest of her husband. Her position is substantially the position of the proprietor himself and, therefore, we believe the basis for classification between wives of owners, etc., and other females is a reasonable one.

This is a case of first instance in Pennsylvania and, therefore, what the courts of other States have said about the constitutionality of similar acts of assembly

is of importance. In the case of Bergman v. Cleveland, 39 Ohio, 651 (1884), the court has before it for consideration an ordinance of the City of Cleveland making it unlawful for "any keeper or proprietor of any saloon or restaurant . . . to employ any girl or girls, woman or women, other than the wife of said keeper or proprietor, in the said saloon or restaurant, in the waiting on customers, . . .". Defendant was convicted of a violation of the ordinance; the conviction was affirmed by the court of common pleas and the district court, and an appeal was taken to the Supreme Court of Ohio. The court said:

"It is urged that the ordinance violates Art. i, §1, of the Constitution of the State, the fourteenth amendment to the Constitution of the United States, and other provisions of the State and federal constitutions. But we do not think so. The power to *regulate* such places where intoxicating liquors are sold, is expressly delegated to incorporated cities and villages, and in our opinion the ordinance and conviction are within the power so delegated, and violate no constitutional provision."

In the case of Mayor, etc., of City of Hoboken v. Goodman, 68 N. J. Law 217, 51 Atl. 1092 (1902), the court had before it for consideration an ordinance of the City of Hobocken which forbade the employment of any female to sell liquor in any place where intoxicants are sold. The ordinance further provided that nothing there "shall be so construed as to prevent the wife of any person having such license from selling or distributing the aforesaid liquors". It was argued that the ordinance was unconstitutional, in that it denied the equal protection of the laws to those whose employment was prohibited, because, inter alia, "it makes an unjust and unreasonable discrimination between females". The court said (p. 221) :

"The objection is that of discrimination. It is pointed out that the wife of a licensee may be employed in the

place where the employment of other women is forbidden, and that women are not debarred from proprietorship under license. That classes of women are privileged works no injury to others; but apart from that, it seems to me that there is just ground for the discrimination of this ordinance. The supposed evil aimed at is the employment of women in connection with a traffic likely to induce vice and immorality. The wife of the proprietor of a place of public entertainment is not in any fair sense an employe, and her presence may fairly be deemed to be deterrent of impropriety. The policy of licensing women as proprietors is questionable, but such licensees are not within the mischief which the ordinance seeks to remedy. We cannot say that the exceptions ought to nullify a regulation that we must concede is a wise one, namely, the debarring of women from forming part of the allurements of drinking places."

To the same effect is the recent case of People v. Jemnez, 49 Cal. App. (2d) (Supp.) 739, 121 P.(2d) 543 (1942). In this case the act made it a misdemeanor to employ females in the mixing of alcoholic beverages, but provided that the prohibition should not apply to the mixing of alcoholic beverages "by any licensee or . . . wife of any licensee". The court said (p. 742) :

"The section of the Alcoholic Beverage Control Act under consideration divides women into three different classes with respect to the privilege of mixing drinks in a place having an on-sale license, and gives the privilege to two of these groups while denying it to the third. It seems to us that there is a fair and substantial basis for the classification. . . . As to the wife of a licensee, she is more nearly in the position of a licensee than in that of an employee and her presence may fairly be considered to be a restraint upon impropriety. A mere employee would not have the same incentive to prevent improprieties that either a licensee or the wife of a licensee would naturally have."

In the case of Commonwealth v. Puder, 261 Pa. 129, 136, the court said:

"Classification is a legislative question subject to judicial revision only so far as to see it is founded on real and not merely artificial distinctions, and, if the distinctions are genuine, the court cannot declare the classification void, though they may not consider the basis to be sound. The test is not wisdom, but good faith, in the classification."

In our opinion there is a genuine distinction between the status of the wife of an owner, proprietor, keeper or agent of a licensed premises and the status of a mere female employe. The good faith of the legislature in so classifying cannot, we believe, be doubted.

While we are in no doubt of the constitutionality of the Act of 1941, we are, nevertheless, convinced that appellant was sincerely in doubt as to its validity. This may well be, therefore, a case which the Liquor Control Board, in the exercise of its proper discretion, may wish to compromise. However, that is the province of the Pennsylvania Liquor Control Board and not the court. The same penalty imposed by the board will be adopted by the court.

We, therefore, enter the following

### Decree

And now, August 16, 1946, after argument and upon due consideration, the appeal is dismissed, and it is ordered and directed that restaurant liquor license no. R-673, issued to George Shahade for premises 336 Washington Street, known as "Shahade Restaurant", in the City of Johnstown and County of Cambria, for the license year beginning February 1, 1946, and ending January 31, 1947, be and the same is hereby suspended for a period of 30 days, beginning at seven a.m. Wednesday, September 4, 1946, and ending at seven a.m. Friday, October 4, 1946.