Opinion by
Ervin, J.,
The only question involved in this appeal is whether a female owner of 50% of the stock of a corporate licensee is exempt from the provisions of the “BarMaid Act” which prohibits a female from mixing or serving liquor or malt or brewed beverages behind the bar..
There is no dispute as to the facts in this case. On March 14, 1962 Thomas E. Kotula, an enforcement officer of the Pennsylvania Liquor Control Board, was personally served a drink of Imperial Whiskey by Louise Anderson from behind the bar of the Sparta Hotel. Louise Anderson owns 50% of the stock of the corporate licensee and is vice-president and secretary and treasurer of the corporation. The president of the corporation, Rune B. Nordstrom, testified that he and Mrs. Anderson purchased all the stock of this corporation on July 1, 1957, at which time they each invested $14,000.00 and that they now each own 50% of the stock. He is president and manager. He and Mrs. Anderson conduct this business and she spends as much time there as he does.
The statute in question is the Act of April 12, 195.1, P. L. 90, art. IV, §493, as amended by the Act of Jan *175 uary 14, 1952 (1951), P. L. 1865, §1, 47 PS §4-493, which provides: “It shall he unlawful . . .
“(25) For any licensee or his agent, to employ or permit the employment of any female at his licensed hotel, restaurant or eating place to mix or serve liquor, or malt or brewed beverages behind the bar, or to employ any female for the purpose of enticing customers, or to encourage them to drink liquor, or make assignar tions for improper purposes: Provided, That nothing in this section shall be construed to prevent the employment of any female waitress who regularly takes orders for food from serving food, liquor Or malt or brewed beverages at tables; also, that nothing shall prevent any such licensees from employing any female stenographer, hotel secretary, clerk or other employe for their respective positions: Provided, further, That nothing in this section shall be so construed as to prevent the wife of any such licensee or agent from mixing or serving liquor or malt or brewed beverages behind the bar of any such licensed place.”
We recently handed down a decision in 543 Bar, Inc. Liquor License Case, 200 Pa. Superior Ct. 360, 188 A. 2d 813, approving the service of alcoholic beverages from behind the bar by one Kate Dinenberg, who was the secretary-treasurer, director and owner of all the stock of the corporate licensee and operated the restaurant and taproom business in the capacity of manager. The present case is different in that instead of owning all the stock, Mrs. Anderson owns 50% of the stock and she is not actually the manager of the hotel, lit is clear from the evidence that she and Mr. Nordstrom are co-owners and co-partners of this business. She and Mr. Nordstrom exercise equal control over the business, regardless of who may be designated as manager. She has as much reason to be concerned that the business is operated properly and within the law as does any other owner. She is not an employe of the *176 corporation but a co-owner of it. There is no evidence that the stock which was placed in her name was done so to evade the provisions of the law. With $14,000.00 pf her own money in the business, she has a real interest to protect and the case of Walter v. Com., 88 Pa. 137, is not controlling.
The wife of a licensee is permitted, under the act, to serve liquor from behind the bar. This being so, there is no good reason why a woman who is the owner of the license should not be permitted to do likewise. No different result should obtain when, as in the present case, instead of being the sole owner of the business, the female involved is a co-owner.
We are therefore of the opinion that the appellee is not guilty of a violation of the act.
Order affirmed.