JOHNSON v. COMMON COUNCIL OF THE CITY OF
BESSEMER.

143    313
149    ¹325
150    ²458

1. Intoxicating Liquors—Regulation of Traffic — Municipal Corporations—Saloon Limits.

Cities of the fourth class have power by ordinance to establish saloon limits and provide that no license shall be granted except within those limits.

2. Same—Validity of Ordinance—Penalty.

Such an ordinance, being enforceable by the council by refusal to approve an applicant's bond, is not void because not providing a penalty, it being self executing to the extent of authorizing the council to refuse to approve the bond.

3. Municipal Corporations—Ordinances—Validity—Ordinance Valid in Part.

An ordinance may be valid in part, though invalid in some of its provisions.

4. Same—Self-Executing Provisions.

Where an ordinance, as to some of its provisions, is self executing, it is as to such provisions valid, though it has affixed an invalid penalty or no penalty at all.

Mandamus by Adolph Johnson to compel the common council of the city of Bessemer to approve a liquor bond. Submitted January 30, 1906. (Calendar No. 21,375.) Writ denied March 5, 1906.

*Frank F. Kutts* and *Levi S. Rice* (*William W. Taylor*, of counsel), for relator.

*Conrad Carlson* (*Herb M. Norris*, of counsel), for respondent.

Montgomery, J. Mandamus is sought to require the respondent to approve a liquor bond presented to respondent by relator. Approval was refused upon the ground that by an ordinance of the city the relator had no

right to engage in the business contemplated at the place named in the bond. But two questions require consideration: *First*, whether the charter of the city authorized the common council to restrict the saloon business to a particular locality; *second*, whether such restriction has been provided by a valid ordinance.

1. Subdivision 14 of chapter 11 of the act for the incorporation of cities of the fourth class, being 1 Comp. Laws, § 3107, authorizes the city to regulate and prescribe by ordinance the location of saloons. Acting under this authority, the common council enacted an ordinance which established saloon limits, and providing that no license should be granted except within those limits. We think the case of *Sherlock* v. *Stuart*, 96 Mich. 193 (21 L. R. A. 580), is decisive that the authority of the charter was sufficient to authorize such an ordinance.

2. Was the ordinance wholly void because no penalty was provided for its enforcement. The common council is vested with the power of approving the bonds of dealers in intoxicating liquor. Such bonds are required to state the location at which the business is to be carried on, and the general statute provides punishment for one who engages in business without filing a bond thus approved with the county treasurer. It is plain, therefore, that the execution of this ordinance and its enforcement without provision for penalty rested with the common council. Reference is given by relator's counsel to cases like *Bowman* v. *St. John*, 43 Ill. 337, where an ordinance has been held ineffective for want of a penal clause. Such cases, so far as they have fallen under our notice, are cases in which the attempt has been made to prosecute for a penalty not prescribed. On the contrary, it has been held in many cases that an ordinance may be valid in part, although invalid as to some of its provisions. *People* v. *Armstrong*, 73 Mich. 288 (2 L. R. A. 721). So, where an ordinance as to some of its provisions is self executing, it is as to such provisions valid, though it has affixed an invalid penalty or no penalty at all. *Magneau* v. *City*

*of Fremont,* 30 Neb. 843 (9 L. R. A. 786); *City of Detroit* v. *Railway Co.,* 95 Mich. 461 (20 L. R. A. 79). To the extent of authorizing the council to refuse to approve the bond in question this ordinance was self executing.

Writ denied.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.