QUAY v. CHEBOYGÁN CIRCUIT JUDGE.

| 150 | 457 |
| f151 | 90 |

INTOXICATING LIQUORS—REGULATION OF TRAFFIC—BONDS —STAT-
UTE—VALIDITY.

> Act No. 507, Local Acts 1907, giving the village council of
> Tower authority to accept liquor dealers' bonds with a surety
> company as surety, but not requiring them to do so, leaving
> it to their discretion to either accept or reject such bonds, is
> not unconstitutional in that it empowers the council to dis-
> criminate between dealers by rejecting the bonds of some and
> accepting others.

Mandamus by Homer H. Quay, prosecuting attorney,
to compel Frank Shepherd, circuit judge of Cheboygan
county, to vacate an order denying an order to show cause.
Submitted October 22, 1907. (Calendar No. 22,519.)
Writ denied December 10, 1907.

*Homer H. Quay*, in pro. per.

*Frost & Sprague*, for respondent.

MOORE, J.   Prior to July 24, 1907, one Walter Down
was engaged in the retail liquor business in Cheboygan
county.   A complaint was made against him and pre-
sented to David H. Crowley, a justice of the peace, who
declined to issue a warrant, for the reason that Mr. Down
had filed a liquor bond with a surety company as surety,
duly approved, according to the provisions of an act, en-
titled "An act relative to regulation of the liquor traffic,"
etc., approved May 1, 1907.   (Act No. 507, Local Acts
1907.)

It was the claim of the prosecuting attorney that said
act was unconstitutional, and he applied to the judge of
the circuit court for Cheboygan county for a mandamus
to compel the issuance of said warrant.   The circuit
judge declined to issue a mandamus, and this proceeding
is brought to review his refusal to do so.

It is claimed on the part of the prosecuting attorney that because of the proviso in section 3 of said act which reads as follows, "*Provided,* that nothing herein contained shall be construed as compelling either the township board of the township of Forest, or the village council of the village of Tower, Cheboygan county, to accept surety bonds, as required in this section, on any liquor bonds that may be presented," that said act is unconstitutional, inasmuch as it gives the council the right to accept or reject any bond in their discretion, and permits them to unjustly discriminate against one and deprive him of the right to engage in the liquor business without a hearing.

We cannot agree with counsel in this contention. The act authorizes the village council to accept surety bonds, but it does not require them to do so, leaving it to their discretion to either accept or reject such bonds. It was permissible for the legislature to authorize them to do this. See *Sherlock* v. *Stuart,* 96 Mich. 193 (21 L. R. A. 580); *Johnson* v. *Bessemer Common Council,* 143 Mich. 313; *Wells* v. *Torrey,* 144 Mich. 690; Black on Intoxicating Liquors, § 171.

The judgment of the court below is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.