NEPHEW v. LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—WOMEN BARTENDERS.
   A State may deny to all women opportunities for bartending.

2. SAME—WOMEN BARTENDERS—EXCEPTIONS TO GENERAL PROHIBITION.
   The general prohibition against bartending by women may be lifted as to a defined group of females, where there are other factors which operate either to eliminate or reduce the moral and social problems otherwise calling for the prohibition.

3. SAME—WOMEN BARTENDERS—FEMALE LICENSEES OR RELATIVES OF LICENSEES.
   The legislature does not violate its duty to afford equal protection of its laws in permitting female owners of liquor licenses and the wives and daughters of owners of such licenses in cities of 50,000 or more population to be licensed as bartenders, since it is within the legislative judgment to recognize that the hazard of losing a liquor license or failure to maintain a reputable place are other factors which are likely to eliminate or reduce, in the excepted classes, the moral and social evils otherwise believed by the legislature to result from bartending by women in general (CL 1948, § 436.19a, as amended by PA 1949, No 82).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 12 Am Jur, Constitutional Law § 497; 30 Am Jur, Intoxicating Liquor §§ 112, 335.
[1-4] Validity and construction of statute or ordinance respecting employment of women in places where intoxicating liquors are sold.  172 ALR 620.
Provision as to sale of liquor to women as affecting validity of regulatory statute.  9 ALR2d 541.
[5] 14 Am Jur, Costs § 91.

4. SAME—WOMEN BARTENDERS—COMMON KNOWLEDGE—STATUTES—
   COURTS.
   It is common knowledge that bartending by women may give
   rise to moral and social problems against which the legislature
   may devise measures which are preventive, hence, its allowable
   legislative judgment in the matter may not be set aside by
   a judicial proceeding wherein testimony as to individual women
   may show such individuals to be preferable to male bartenders
   as a class (CL 1948, § 436.19a, as amended by PA 1949, No·
   82).

5. COSTS—PUBLIC QUESTION—LICENSING OF FEMALE BARTENDERS.
   No costs are allowed in suit to enjoin enforcement of liquor law
   as to licensing of female bartenders, a public question being
   involved (CL 1948, § 436.19a, as amended by PA 1949, No·
   82).

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 17, 1953. (Docket No. 64, Calendar No. 45,583.) Decided March 10, 1953. Rehearing denied June 8, 1953.

Bill by Loretta Nephew and others against Liquor Control Commission of the State of Michigan and others to have PA 1949, No 82, amending PA 1933 (Ex Sess), No 8, declared unconstitutional. Michigan State Council of the Hotel and Restaurant Employees and Bartenders International Union intervened as party defendant. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Rothe, Marston, Bohn & Mazey (Theodore Sachs,* of counsel), for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Franklin J. Rauner,* Assistants Attorney General, for defendants.

DETHMERS, C. J. In *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich 83, we held that PA 1933 (Ex

Sess), No 8, § 19a, as added by PA 1945, No 133 (CL 1948, § 436.19a [Stat Ann 1947 Cum Supp § 18.990 (1)]), was constitutional, that it did not deny due process or equal protection of the laws, and that the stigma of being unreasonable or arbitrary did not attach to the classification inherent in its implied prohibition against licensing women as bartenders and against bartending in cities of over 50,000 population by any women except the wives or daughters of male bar owners. So held, also, in *Goesaert* v. *Cleary,* 335 US 464 (69 S Ct 198, 93 L ed 163). By subsequent amendment (PA 1949, No 82 [Stat Ann 1951 Cum Supp § 18.990(1)]) the mentioned exception to the general prohibition against bartending by women was expanded to permit female owners and their daughters to tend bar also.

Plaintiffs, who are female bartenders in cities having populations in excess of 50,000 persons, filed their bill of complaint attacking the constitutionality of the act, as amended in 1949, and praying that its enforcement be permanently enjoined. From an order granting defendants' motion to dismiss, plaintiffs bring this appeal.

Plaintiffs urge that the 1949 amendment removed from the 1945 act the cornerstone upon which, as they contend, the validity of the classification made therein was found, in *Fitzpatrick* and *Goesaert,* to rest, namely, the element of oversight and control by a male owner over his wife and daughters, calculated, in respect to them, to eliminate or reduce, in the belief of the legislature, the moral and social problems which may, in the allowable legislative judgment, result from bartending by women in general. Although language in the opinions in *Fitzpatrick* and *Goesaert* lends apparent support to plaintiffs' analysis, it represents an oversimplification and misconception of the full import of those cases. Mr. Justice Frankfur-

ter, speaking for a majority of the court in *Goesaert,* expressed the controlling principles as follows:

"While Michigan may deny to all women opportunities for bartending, Michigan cannot play favorites among women without rhyme or reason.   *   *   * Since bartending by women may, *in the allowable legislative judgment,* give rise to moral and social problems against which it may devise preventive measures, the legislature need not go to the full length of prohibition *if it believes* that as to a defined group of females *other factors* are operating which either eliminate or reduce the moral and social problems otherwise calling for prohibition.   *   *   * This court is certainly not in a position to gainsay such *belief* by the Michigan legislature. If it *is entertainable,* as we think it is, Michigan has not violated its duty to afford equal protection of its laws. We cannot cross-examine either actually or argumentatively the mind of Michigan legislators nor question their motives. Since the line they have drawn is *not without a basis in reason,* we cannot give ear to the suggestion that the real impulse behind this legislation was an unchivalrous desire of male bartenders to try to monopolize the calling." (Italics supplied.)

In view of the character of the classification resident in the statute as then in effect, the court deemed it appropriate in *Goesaert* to state, as relates to "other factors   *   *   *   which either eliminate or reduce the moral and social problems otherwise calling for prohibition," that "Michigan evidently believes that the oversight assured through ownership of a bar by a barmaid's husband or father minimizes hazards that may confront a barmaid without such protecting oversight." That statement scarcely precludes the conceivable existence of "other factors" of a different, though in this case similar, nature which might, in the allowable legislative judgment, operate to eliminate or reduce the social and moral problems otherwise attendant on female bartending. From

the 1949 amendment it clearly appears to have been the legislative belief that the responsibilities of ownership and the qualifications pertaining thereto, as well as the hazards of losing a liquor establishment license worth, as plaintiffs allege, $15,000 or more on sale or transfer, together with the business in connection therewith, for infractions of the law or failure to maintain a reputable place, also constitute "other factors" which are likely to eliminate or reduce, in the case of bartending by women owners or their daughters, the moral and social evils otherwise believed, in the allowable legislative judgment, to result from bartending by women in general. In support of the validity of classification based on that view, see *People* v. *Jemnez,* 49 Cal App2d 739 (121 P2d 543) and *Clara Anderson* v. *City of St. Paul,* 226 Minn 186 (32 NW2d 538). To borrow from the language and reasoning of *Goesaert,* we consider the judgment of the legislature in that respect to be within the bounds of "allowable legislative judgment," its belief in relation thereto to be "entertainable," and the line drawn by it in that regard to be "not without a basis in reason." In this connection it is interesting to note that the 1949 amendment eliminated from the statute the feature considered by the minority of the court, as expressed in the dissenting opinion in *Goesaert,* to be objectionable, namely, that it "arbitrarily discriminates between male and female owners of liquor establishments."

Plaintiffs charge as error the trial court's determination of the constitutional question on a motion to dismiss without hearing proofs in support of the allegations in plaintiffs' bill of complaint, quoting in support of their contention from the concurring opinions of Mr. Justice Stone and Mr. Justice Cardozo in *Borden's Farm Products Co.* v. *Baldwin,* 293 US 194 (55 S Ct 187, 79 L ed 281), and from *Polk Co.* v. *Glover,* 305 US 5 (59 S Ct 15, 83 L ed 6). The per-

tinent allegations of the bill, which plaintiffs stress as bearing on the constitutional question, relate to claims of long, unblemished records of law observance by them, personally and as bartenders, and like records for the liquor establishments supervised by them and, further, that, as a matter of fact, on the basis of police and liquor control commission records concerning actual complaints or filing of charges, the incidence of law violations and improprieties is smaller in liquor establishments supervised by women than in those operated by men. Such allegations, taken as true for the purposes of the motion, are not conclusive of the moral question nor controlling of the issue of constitutionality. Involved here is not merely the determination of disputed economic facts as in *Borden* or *Polk, supra,* but, rather, the exercise of allowable legislative judgment on a moral question or concept. *Fitzpatrick,* which came to us on appeal from an order dismissing on motion, and *Goesaert* are authority for the proposition that, despite such facts as might be shown by testimony in a given case as relates to particular situations, it is nevertheless, on basis of what is common knowledge, "in the allowable legislative judgment" to view bartending by women as a practice giving rise to moral and social problems against which the legislature may devise preventive measures. Accordingly, no worthwhile purpose would have been served by proceeding to trial.

Affirmed. No costs, a public question being involved.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.