[No. 20933.   In Bank. — October 6, 1892.]

Ex PARTE M. FELCHLIN, ON HABEAS CORPUS.

CONSTITUTIONAL LAW — REGULATION OF LIQUOR TRAFFIC — EMPLOYMENT OF FEMALES — HIGH LICENSE — MUNICIPAL ORDINANCE. — A city ordinance which fixes the license for the carrying on of a saloon where females are employed and where intoxicating liquors are sold in less quantities than one quart at a higher rate than a license for the carrying on of a saloon where females are not employed is a valid exercise of the police power and is constitutional.

APPLICATION to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Nutter & De Vries*, for Petitioner.

The ordinance is unconstitutional. (*In re Maguire*, 57 Cal. 604; Const., sec. 18, art. XX.; Dillon on Municipal Corporations, secs. 253, 256, 257; *Ex parte Frank*, 52 Cal. 609; 28 Am. Rep. 642; *People* v. *Albertson*, 55 N. Y. 50.)

*Arthur L. Levinsky, contra.*

The ordinance is not unconstitutional. (*Ex parte Hull*, 49 Cal. 353; *Ex parte Guerrero*, 69 Cal. 88; *Ex parte McNally*, 73 Cal. 632; *Ex parte Mirande*, 73 Cal. 365, 371–374; *Crowley* v. *Christianson*, 137 U. S. 86; *Ex parte Chin Yan*, 60 Cal. 78; *People* v. *Budd*, 117 N. Y. 1; *Ex parte Kuback*, 85 Cal. 274; 20 Am. St. Rep. 226; *Ex parte Lane*, 76 Cal. 587.)

Beatty, C. J. — The petitioner was convicted of violating an ordinance of the city of Stockton and sentenced to pay a fine, or in default of payment, to be imprisoned in satisfaction thereof.

He claims that his imprisonment is unlawful because the part of the ordinance which he is accused of violating is unreasonable, partial, unjust, and oppressive, and because it is in violation of section 18 of article XX. of the constitution, which reads as follows: "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession."

The clauses of the ordinance in question are the following: —

"Sec. 7. License is required, and a rate of license is fixed and charged, for conducting, maintaining, engaging in, or carrying on any business, trade, calling, or profession, game, entertainment, or show, in this section hereinafter mentioned or specified, as follows: . . . .

"Subd. 15. For each saloon, bar, bar-room, dram-shop, tippling-house, or other place (except as in subdivision 16 of this section mentioned) where intoxicating liquors, wines, ales, or beer are bought or sold, or sold in less quantities than one quart, or to be served, distributed, given away, drank, or used on the premises where sold, the sum of thirty dollars per quarter.

"Subd. 16. For each saloon, bar, bar-room, dram-shop, tippling-house, or place where intoxicating liquors, wines, ale, or beer are bought or sold in less quantities than one quart, or to be served, distributed, given away, drank, or used on the premises where sold, in which any female acts in the capacity of a bar-tender, waiter, actress, dancer, singer, solicitor of custom, or servant, or plays upon any musical instrument, or is employed in any capacity whatever, either with or without compensation, the sum of $150 per month."

The offense charged against the petitioner, and of which he was convicted, was the employing of females in a saloon where intoxicating liquors were sold in less quantities than one quart without the necessary license,

There is nothing unfair, unreasonable, or arbitrary in the provisions of this ordinance. It is not open to any of the objections stated by Mr. Justice McKinstry to a similar ordinance of the city of San Francisco, in his opinion in the case of *Ex parte Maguire*, 57 Cal. 610. If it is invalid for any reason, it is because the constitution means what it was held to mean in the opinion of Mr. Justice Thornton in the same case. The petitioner's argument, indeed, is substantially taken from that opinion, and the answer on the part of the city is in substance the same as the view expressed by Justice McKinstry as to the power remaining in the legislature to regulate the employment of women.

We are of the opinion that this view is a sound one, and that it subserves a wholesome public policy. The ordinance is a valid exercise of the police power vested in the municipal authorities.

The prisoner is remanded.

DE HAVEN, J., GAROUTTE, J., SHARPSTEIN, J., and PATERSON, J., concurred.