[21025. In Bank.—June 6, 1893.]

## EX PARTE JOSEPH HAYES UPON HABEAS CORPUS.

CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF LIQUOR TRAFFIC—WITH-HOLDING OF LICENSES—MUNICIPAL ORDINANCE.—An ordinance of the city and county of San Francisco, making it unlawful to sell liquors without a license, and providing that no license shall be issued to persons engaged in the sale of liquors in dance-cellars or dance-halls, or in places where musical, or theatrical, or other public exhibitions are given, and where females attend as waitresses, is a valid exercise of the power conferred by section 11 of article XI. of the constitution upon counties, cities, and towns to make "all such local, police, sanitary, or other regulations as are not in conflict with general laws."

ID.—DISQUALIFICATION ON ACCOUNT OF SEX.—Such ordinance does not violate section 18 of article XX. of the constitution, prohibiting disqualification of any person on account of sex "from entering or pursuing any lawful business, vocation, or profession," which section does not operate as a limitation upon the power of the state or its municipalities to prescribe the conditions upon which the business of retailing intoxicating liquors shall be permitted to be carried on, or in regulating the manner in which such business shall be conducted.

HEARING in the Supreme Court upon a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*Davis Louderback,* for Petitioner.

*District Attorney W. S. Barnes*, and *H. L. Gear*, for People.

The Court. — This is a proceeding upon *habeas corpus*, and the question involved is, whether it is competent for the board of supervisors of the city and county of San Francisco to provide by ordinance that it shall be unlawful to engage in the business of selling spirituous, malt or fermented liquors without a license, and at the same time to provide that no license shall be issued to any person for the purpose of engaging in the business of selling such liquors or wines in any dance-cellar or dance-hall, or in any place where females are permitted to wait or attend in any manner on any person, and wherein there is also any musical, theatrical or other public exhibition, thus in effect prohibiting the sale of liquors or wines in such dance-cellars or other places where musical and theatrical entertainments are given, and where females attend as waitresses.

The fundamental principles which underlie and support legislation of this character were announced by this court in *Ex parte Christensen*, 85 Cal. 208, and also received an exhaustive discussion by the supreme court of the United States in the case of *Crowley* v. *Christensen*, 137 U. S. 86; and upon the authority of those cases we hold that the ordinance under consideration here is a valid exercise of the power conferred by section 11 of article XI. of the constitution of this state, upon counties, cities and towns to make "all such local, police, sanitary and other regulations as are not in conflict with general laws."

It is claimed, however, by the counsel for the petitioner that the ordinance makes a discrimination against women in the matter of employment, and is, therefore, in conflict with section 18 of article XX. of the constitution of this state, which is in these words: "No person shall on account of sex be disqualified from entering upon or pursuing any lawful business, vocation, or profession." This section does not in our opinion operate as a limitation upon the power of the state or its municipalities, to prescribe the conditions upon which the business of retailing intoxicating liquors shall be permitted to be carried on, or in regulating the manner in which such business shall be conducted.

Petitioner remanded.

BEATTY, C. J. (concurring).—I concur in the judgment. Upon the facts shown by the petition and the return, the petitioner is lawfully detained irrespective of the validity of the amended ordinance. If it is valid the complaint clearly charges him with its infraction; if it is invalid the facts alleged constitute an infraction of the unamended ordinance. In either case an offense is charged, and the imprisonment being lawful in any event, the question as to the validity of the ordinance cannot be decided in this proceeding without going outside of the case presented, which I do not care to do.

McFARLAND, J. (concurring).—I concur in the order remanding the petitioner, because I do not think that the points sought to be made by him can be raised on *habeas corpus*. A proceeding under the writ of *habeas corpus* cannot be turned into either a writ of error or a *nisi prius* trial.

As to whether parts of the ordinance in question are constitutional, I express no opinion, except to say that in my judgment, they are not covered by the Christensen case. The facts in that case are entirely different, and the *dictum* of the opinion therein delivered must be taken in connection with the facts then before the court. If taken in its broadest sense, then it can be maintained only by assuming that there is no constitutional right of property in wines or any kind of spirituous or malt liquors, and that by statute or ordinance, they can be confiscated wherever found, like smuggled goods.