## THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, DEFENDANTS IN CERTIORARI, v. LOUIS GOODMAN, PLAINTIFF IN CERTIORARI.

Argued February 25, 1902—Decided May 9, 1902.

1. Under the fortieth section of the charter of Hoboken (*Pamph. L.* 1855, *p.* 46; *Id.* 1859, *p.* 654) ordinances to regulate the sale of intoxicating drinks may lawfully prescribe punishment for their violation.

2. Where the sale of intoxicating drinks is made dependent upon municipal license or regulation, it is competent to ordain that licenses shall be granted on condition of forfeiture for violation of the regulative ordinance.

3. The sale of intoxicating drinks at retail is not one of the privileges or immunities of citizenship protected by the United States constitution or the fourteenth amendment thereto. It may be entirely prohibited, and its regulation, when permitted, is at the discretion of the several states.

4. It is a valid police regulation of the sale of intoxicating drinks that women shall not be employed in connection therewith. Such a regulation is not a denial to women of the equal protection of the laws assured by said amendment.

5. It is no ground of objection to such a regulation that the licensing of women as proprietors of places where intoxicating drinks may be sold is not also forbidden, or that the wife of a licensed male proprietor is allowed to sell or distribute such drinks.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the plaintiff in *certiorari, John I. Weller.*

For the defendant in *certiorari, James F. Minturn* and *Horace L. Allen.*

The opinion of the court was delivered by

COLLINS, J.   The plaintiff in *certiorari* was convicted before the recorder of the city of Hoboken for the violation of an ordinance the validity of which is attacked by the present writ removing such conviction.

The ordinance, which was approved July 25th, 1901, forbids the employment in any public place where intoxicating liquors are sold of any female to sell, offer or distribute spirituous, vinous, malt or brewed liquors or any intoxicating drinks or admixture thereof, or as "woman conversationalist," or for the purpose of attracting persons; and forbids the permitting of the assembling of females in such a place for the enticing of customers or making assignations for improper purposes.   It forbids any female, not having a license permitted by law, to sell, offer, procure, furnish or distribute in any such place any such liquors or drinks, but provides that nothing therein "shall be so construed as to prevent the wife of any person having such a license from selling or distributing the aforesaid liquors."   It prescribes a fine of $50 for its violation, and provides that no license to keep an inn or tavern or house of public entertainment, or for the sale of spirituous, vinous, malt or brewed liquors in quantities less than one quart to be drunk on or about the premises where sold, shall be granted except upon the express condition that the licensee will not so employ any female or females and that on conviction of violating any of the provisions of the ordinance the licensee, in addition to such penalty, shall forfeit his license.

Section 40 of the charter of the city of Hoboken (*Pamph. L.* 1855, *p.* 446, 448) enacts that the common council shall have power to pass, alter and repeal ordinances to take effect within the city for the following, among other purposes:

"*Tenth.* To license and regulate inns or taverns for the sale of or traffic in intoxicating drink or drinks.

"*Fourteenth.* * * * to suppress vice and immorality.

"*Fifteenth.* To punish by fine or imprisonment all violations of any ordinances authorized by this act and to provide all means which they may judge necessary to carry into effect the objects and powers provided for by this act; and no fine shall exceed fifty dollars or imprisonment for ten days."

By a supplement (*Pamph. L.* 1859, *p.* 654) the tenth clause or subdivision of section 40 of the charter was struck out and the following was inserted instead thereof: "*Tenth.* To license and regulate inns or taverns and other houses of public entertainment for the sale of or traffic in spirituous, vinous, fermented or other intoxicating drink or drinks, and to prohibit by fine or penalty all traffic in or sale of such spirituous, vinous or other intoxicating drink or drinks by all or any person or persons not having a license from said council for that purpose."

When the writ in this case was allowed by the writer of this opinion, it was assumed that the plaintiff in *certiorari* had a license then still in force issued before July 25th, 1901, under the general city ordinance passed pursuant to the charter. The main ground for such allowance was the question of whether it was legally competent to impose additional burdens upon him during the term of his license. The proofs develop that although he had made application to the council for a license to keep a house of public entertainment at the place where a violation of the later ordinance is alleged, and had deposited the appropriate fee, no action had been taken on his application. The fallacious argument is now advanced that inasmuch as the tenth subdivision of the fortieth section of the charter, as amended, only authorizes punishment for unlicensed traffic in intoxicating drinks, no authority exists to ordain punishment for violation of restrictions on such traffic. The power to regulate implies a power to punish, and the general authority of the charter in that regard is ample. The amendment of 1859 made clear the power to prohibit unli-

censed traffic, but did not curtail the power of regulation already conferred. But it is urged that as the plaintiff in *certiorari* is unlicensed, the only complaint cognizable against him is of traffic without license. This is bold, but specious. An assertion of general illegality is no defence against the charge of special illegality.

The fact, however, that the plaintiff in *certiorari* is not licensed renders it unnecessary to consider the question that mainly moved the allowance of the writ. The other questions discussed need little consideration. It is argued that the ordinance involved in this case is invalid because it provides a penalty in excess of the charter, namely, the forfeiture of license. This does not concern the present plaintiff in *certiorari* and as a ground of attack, by anyone, on the ordinance is untenable. The provision is that licenses shall thereafter be granted on the express condition of a forfeiture after conviction of a violation of the ordinance. Therefore a licensee voluntarily accepts such condition, which surely is a reasonable regulation of a privilege that need not be granted at all. Furthermore the challenged provision seems to be fairly within the statutory authority to provide all means which the council may judge necessary to carry into effect the objects and powers provided for by the charter.

It is next argued that the ordinance abridges privileges and immunities of citizens and denies to those whose employment is prohibited the equal protection of the laws, because (1) it prohibits a citizen conducting a lawful business from engaging the services of females; (2) it prohibits females from engaging in a lawful employment, and (3) it makes an unjust and unreasonable discrimination between females.

The keeping of a place of public entertainment where intoxicating drinks may be sold is not a matter of absolute right. In this state it has always been restricted, and the power of prohibition and regulation have without question been delegated to localities by direct vote or through representative municipal bodies. *State, ex rel. Sandford,* v. *Court of Common Pleas of Morris County,* 7 *Vroom* 72; *Paul* v.

*Gloucester County,* 21 *Id.* 585. The subject has been considered as wholly within the police power of the legislature. When delegated, the power of regulation is limited only by the implication that it shall be exercised reasonably for the public good. *Brown* v. *Murphy,* 22 *Id.* 250.

This view is supported by the Supreme Court of the United States in a long line of decisions rendered both before and after the adoption of the fourteenth amendment to the federal constitution upon which, chiefly, the plaintiff in *certiorari* relies. The following citations will suffice to establish at least that the sale of intoxicating drinks at retail is not one of the privileges or immunities of citizenship; that it may be entirely prohibited, and that its regulation when permitted is at the discretion of the several states. *Bartemeyer* v. *Iowa,* 18 *Wall.* 129; *Beer Co.* v. *Massachusetts,* 7 *Otto* 25; *Mugler* v. *Kansas,* 123 *U. S.* 623; *Crowley* v. *Christensen,* 137 *Id.* 86; *Giozza* v. *Tiernan,* 148 *Id.* 657.

Women may, constitutionally, be barred from occupations that are subject to license. *Bradwell* v. *State,* 16 *Wall.* 130; *In re Lockwood,* 154 *U. S.* 116. It has not been argued but that the prohibitions of the ordinance in question are within fair police regulation. The only adjudged cases cited to us support them. *Bergman* v. *Cleveland,* 39 *Ohio St.* 651; *In re Considine,* 83 *Fed. Rep.* 157. The objection is that of discrimination. It is pointed out that the wife of a licensee may be employed in the place where the employment of other women is forbidden, and that women are not debarred from proprietorship under license. That classes of women are privileged works no injury to others; but apart from that, it seems to me that there is just ground for the discrimination of this ordinance. The supposed evil aimed at is the employment of women in connection with a traffic likely to induce vice and immorality. The wife of the proprietor of a place of public entertainment is not in any fair sense an employe, and her presence may fairly be deemed to be deterrent of impropriety. The policy of licensing women as proprietors is questionable, but such licensees are not within the mischief which the ordinance seeks to remedy. We cannot say that

the exceptions ought to nullify a regulation that we must concede is a wise one, namely, the debarring of women from forming part of the allurements of drinking places.

It is lastly urged that the conviction of the plaintiff in *certiorari* was unauthorized because, although the evidence discloses that customers in his saloon were served by barmaids in apparent employment there, he was not personally present on the occasions forming the basis of the testimony. The circumstances proved justified the finding that their presence was by his authority.

The conviction is affirmed, with costs.