PEOPLE *v.* CASE.

1. INTOXICATING LIQUORS—REGULATION—MUNICIPAL ORDINANCE—
   EXCLUSION OF FEMALES—VALIDITY—CONSTITUTIONAL LAW.

   A municipal ordinance to "restrain, license and regulate
   saloons," etc., which provides that "no person licensed under
   this ordinance shall harbor or employ any females in or about
   his or her place of business, or permit females to resort to his
   or her place of business for the purpose of drinking," is not
   invalid as an unwarranted discrimination against females
   and an infringement of their rights, privileges, and immuni-
   ties, granted by the Constitution, but is a valid exercise of
   the police power.[1]

2. SAME—ORDINANCE—VALIDITY—FLINT CHARTER.

   The charter of the city of Flint (Act No. 420, Local Acts 1905),
   by section 10 of chapter 15 of which power is conferred upon
   the common council to prevent vice and immorality, and to
   restrain, license and regulate saloons and other places where
   intoxicating liquors are sold, authorizes an ordinance prohib-
   iting women from resorting to places where liquors are sold
   for the purpose of drinking.

Exceptions before judgment from Genesee; Wisner, J.
Submitted May 7, 1908. (Docket No. 124.) Decided
May 26, 1908.

Edgar D. Case was convicted of the violation of an or-
dinance. Affirmed.

*Johnson & Landon* (*Rundell & Stockton*, of counsel),
for appellant.

*John H. Farley*, City Attorney, for the people.

MOORE, J. Respondent was arrested on a warrant, the
charge contained therein being for a violation of an ordi-
nance of the city of Flint entitled:

[1]As to constitutionality of police regulations excluding women
from places of business, see note to *Gastineau* v. *Com.* (Ky.), 49 L.
R. A. 111.

"An ordinance to restrain, license and regulate saloons and other places where intoxicating liquors are sold, and prescribe the location thereof."

The particular section of the ordinance of which a violation by respondent was charged reads as follows:

"SECTION 5. No person licensed under this ordinance shall harbor or employ any females in or about his or her place of business, or permit females to resort to his or her place of business for the purpose of drinking."

The cause was tried before the circuit judge, without a jury, and upon the trial it was conceded that the charge contained in the complaint and warrant correctly charged a violation of the ordinance, and that such ordinance was duly adopted and in force at the time of the commission of the act charged. It was conceded that on the 15th day of June, 1907, the respondent, being a duly licensed saloon keeper under such ordinance and engaged in the business of selling and keeping for sale intoxicating liquors, permitted certain women to resort to his place of business for the purpose of drinking, contrary to the terms of said ordinance, and the only question left for the determination of the circuit judge was whether section 5 of the ordinance is valid under the Constitution and laws of the State of Michigan.

The court found the ordinance was a valid exercise of the police power and that the respondent was guilty. A judgment was duly entered on such conviction and sentence thereunder was deferred until respondent should have an opportunity to review the action of the circuit court.

The question is whether the ordinance, and particularly section 5, under which respondent was convicted, is in contravention of the Constitution and laws of the State of Michigan.

The theory of counsel for respondent, and upon which the principal contention seems to be based, is that the ordinance in question is an unwarranted discrimination

against the rights of females, that women are granted equal rights, privileges and immunities by the Constitution; and that the ordinance in question is an infringement on these constitutional rights, and therefore void. Also that the provisions of the special charter of the city of Flint are not sufficiently broad to warrant the enactment of section 5 of the ordinance, in that it provides a vending of liquors contrary to the provisions of the State law.

This ordinance was before this court in *Wells* v. *Torrey*, 144 Mich. 689. It will be helpful to refer to the opinion in that case.

The charter of Flint (Act No. 420, Local Acts 1905, chap. 15) contains the following provisions: The first subdivision of section 10 is as follows:

"To prevent vice and immorality, to preserve public peace and good order, to organize, maintain and regulate a police force of the city, to prevent and quell riots, disturbances and disorderly assemblies, to protect the property of the corporation, and of its inhabitants, and of any association, public or private corporation, or congregation therein, and to punish for injuries thereto, or for unlawful interference therewith."

The fourth subdivision is as follows:

"To prohibit the selling or giving of any spirituous, fermented, or intoxicating liquors to any drunkard or intemperate person, or any minor or apprentice."

The fifteenth subdivision is as follows:

"To restrain and punish drunkards, vagrants, street beggars and other disorderly persons."

The thirty-seventh:

"To restrain, license and regulate saloons and other places where intoxicating, or spirituous liquors or malt, brewed, fermented, spirituous, or vinous liquors are sold or to be sold, and to regulate and prescribe the location thereof; to forbid and prevent the vending or other disposition of any intoxicating liquors in violation of the laws of the State."

The forty-first (forty-third in the revision of 1903 and forty-fourth in the revision of 1905), so far as it concerns this inquiry, is as follows:

"And further, they shall have authority to enact all ordinances, and to make all such regulations consistent with the laws and Constitution of this State, as they shall deem necessary for the safety, order and good government of the city, and the general welfare of the inhabitants thereof."

It will be observed that very broad police powers are conferred upon the common council, one of which is to prevent vice and immorality, another of which is to restrain, license, and regulate saloons and other places where intoxicating liquors are sold.

We have had occasion to construe a charter conferring the right to regulate the business of selling intoxicating liquors in the case of *Churchill* v. *Common Council of Detroit*, ante, 93. It is not necessary to repeat what was said in the opinion in that case, but reference is made thereto.

In the recent case of *Muller* v. *Oregon* (U. S.), 28 Sup. Ct. 324, there is an interesting discussion germane to the principles involved here. The legislature of Oregon passed a law limiting the hours of labor of women employed in laundries to ten hours daily. The law was attacked as unconstitutional, one of the reasons being that it was class legislation because it applied only to women. The supreme court held, thereby sustaining the State court, that the law was not unconstitutional.

In *Ex parte Hayes*, 98 Cal. 555 (20 L. R. A. 701), the court construed an ordinance prohibiting the sale of liquors in places where females attend as waitresses. In disposing of the case the court said in part:

"The fundamental principles which underlie and support legislation of this character were announced by this court in *Ex parte Christensen*, 85 Cal. 208, and also received an exhaustive discussion by the Supreme Court of the United States in the case of *Crowley* v. *Christensen*,

137 U. S. 86; and upon the authority of those cases we hold that the ordinance under consideration here is a valid exercise of the power conferred by section 11 of article 11 of the constitution of this State upon counties, cities, and towns to make 'all such local police, sanitary, and other regulations as are not in conflict with general laws.'

"It is claimed, however, by the counsel for the petitioner that the ordinance makes a discrimination against women in the matter of employment, and is therefore in conflict with section 18 of article 20 of the constitution of this State, which is in these words:

"'No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession.'

"This section does not, in our opinion, operate as a limitation upon the power of the State or its municipalities to prescribe the conditions upon which the business of retailing intoxicating liquors shall be permitted to be carried on, or in regulating the manner in which such business shall be conducted."

In *Adams* v. *Cronin*, 63 L. R. A. 61 (29 Colo. 488), in disposing of the case the following language was used:

"If a discrimination is made against women solely on account of their sex, it would not be good; but if it is because of the immorality that would be likely to result if the regulation was not made, the regulation would be sustained. That injury to public morality would ensue if women were permitted without restrictions to frequent wine rooms, there to be supplied with liquor, is so apparent to the average person that argument to establish so plain a proposition is unnecessary. But if some people might not be willing to concede this, it is enough to say that the general assembly, speaking through the city council, with whom the decision entirely rests, has so determined. Women, therefore, may properly be excluded from wine rooms, as this ordinance provides; and if they have no constitutional right to insist upon being admitted to places there to be supplied with liquor when the effect would be demoralizing to society, a fortiori the saloon keeper may be prevented from furnishing them facilities for contributing to that result.   *   *   *

"This ordinance does not operate as a discrimination between different licensees. It applies equally to every

one of that class, and the fact that it restricts the classes or persons to whom sales may be made in certain places or localities does not make it invalid. All courts can readily see that the restrictions therein found and the classification made with respect to the persons permitted to frequent wine rooms for supplying themselves there with liquor are based upon reasons that have their seat in the facts of nature, and that such regulations are conducive to, and are reasonably adapted to secure, the worthy object of preserving public morality."

Counsel for respondent cites the case of *Gastineau* v. *Commonwealth*, 49 L. R. A. 111 (108 Ky. 473). A reference to the case will show it to be easily distinguishable from the case at bar. In the footnotes to the case there is a collection of cases showing that the great weight of authority is in favor of the doctrine that ordinances of this character are within the police powers.

Judgment is affirmed, and the case will be remanded for further proceedings.

OSTRANDER, HOOKER, CARPENTER, and McALVAY, JJ., concurred.