[Civ. No. 31205. Second Dist., Div. Three. Apr. 26, 1968.]

ALFRED M. HUTTON, Plaintiff and Appellant, v. PASA-
DENA CITY SCHOOLS et al., Defendants and Respond-
ents·

Milton L. Most and Edwin S. Saul for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Allan B. McKittrick, Deputy County Counsel, for Defendants and Respondents.

FRAMPTON, J. pro tem.*—Plaintiff and appellant, Alfred M. Hutton, seeks a declaration that the defendants and

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

respondents, Pasadena Unified School District, sued herein as Pasadena City Schools, the members of its Board of Education, and the superintendent of its schools, hereinafter referred to as respondent, have authority to voluntarily pay appellant for a period of time during which he was suspended and dismissed from his employment as a custodian crewman in respondent's schools.

On November 6, 1964, appellant brought an action against respondent wherein he sought a peremptory writ of mandate and declaratory relief. On May 25, 1965, the trial court entered its order denying relief by way of mandate but without prejudice to the right of appellant to "the declaration of rights which is sought under the petitioner's second cause of action."

Under the declaratory relief count, respondent moved for a summary judgment declaring that respondent was without authority to pay appellant. Appellant also moved for a summary judgment declaring that respondent might legally pay appellant the salary which he would have otherwise been paid had he not been suspended and dismissed, less any earnings of appellant from other employment during said period. The respective motions were heard before the same judge and on December 21, 1965, the motion of respondent was granted, and the motion of appellant was denied. On February 16, 1966, judgment was entered decreeing that "Defendants and each of them are without authority to pay Plaintiff salary for the period of Plaintiff's suspension and dismissal from October 10, 1962, to July 1, 1963, and that Plaintiff take nothing, . . ."

The declaration in support of respondent's motion for summary judgment is in substance as follows: Vern E. Wilson declared that he was the Coordinator of Personnel Services for the [Pasadena Unified School District]; on October 10, 1962, appellant, Alfred M. Hutton, was employed by the district in the position of custodian crewman; on October 10, 1962, the district being informed that appellant had been arrested on a charge of child molestation, appellant was suspended from his employment; following his conviction on said charge in the Superior Court of the State of California, for the County of Los Angeles (S.C. No. 265125), appellant was discharged from such employment on December 13, 1962; thereafter the district was informed that such conviction had been set aside and a new trial granted; that upon the new trial, and on June 7, 1963, appellant was found not guilty of

such charge and thereafter, on July 1, 1963, was reinstated to his employment as custodian crewman with the district; appellant was given notice of his dismissal in accordance with the rules and regulations governing the terms of employment in the classified service of the district in effect at that time, and that appellant at no time requested a hearing to appeal such dismissal as provided in such rules and regulations.

The appellant filed no declaration in opposition to respondent's motion, nor did he file a declaration in support of his motion for summary judgment. In the points and authorities filed by appellant in opposition to respondent's motion, he states that he concurs in respondent's statement of the facts but adds that the district is willing to pay appellant, as evidenced by a letter written under date of September 3, 1963, by Robert E. Jenkins, Superintendent of Schools for respondent district, to appellant's attorney, wherein it was stated that "we definitely wish to pay Mr. Hutton if we can find a legal way to do so."

The issue presented is whether the respondent school district, in a subsequent year, has the authority to voluntarily pay appellant's salary for a period during which he was lawfully suspended and dismissed from his employment and whether such payment, if made, would violate sections 31 and 32 of article IV of the California Constitution[1] prohibiting a gift of public money or the granting of extra compensation or allowance to any public servant.

At the time the present controversy arose section 31 of article IV of the California Constitution provided in part that "The legislature shall have no power . . . to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever; . . ." Section 32 of article IV of the California Constitution provided that "The Legislature shall have no power to grant, or authorize any county or municipal authority to grant, any extra compensation or allowance to any public officer, agent, servant, or contractor, after service has been rendered, or a contract has been entered into and performed, in whole or in part, nor to pay, or to authorize the payment of, any claim hereafter created against the State, or any county or municipality of the State, under any agreement or contract made without express authority of law; and all

[1]These sections were reenacted in substance in November 1966, as section 25 of article XIII and section 17 of article IV respectively of the California Constitution.

such unauthorized agreements or contracts shall be null and void.''

It is conceded that the respondent district had adopted rules and regulations governing the terms of employment for employees in the classified service, which were in full force and effect at the time of appellant's suspension and dismissal. It is also conceded that the district had not adopted the merit system of employment for employees not employed in positions requiring certification qualifications as provided in Education Code, sections 13701 to 13756.

Rule IV of the rules and regulations governing terms of employment in the classified service which had been adopted by the district provided in part ''One or more of the following causes may be grounds for suspension, demotion, or dismissal of any person employed in the classified service. . . . 11. Arrest for a sex offense as defined in Education Code Section 12912.''[2] Section 13586 of the Education Code, at the time here involved, also provided that ''No person shall be employed or retained in employment by a school district who has been convicted of any sex offense as defined in Section 12912. If, however, any such conviction is reversed and the person is acquitted of the offense in a new trial or the charges against him are dismissed, this section does not prohibit his employment thereafter.'' The appellant concedes that at the time he was suspended and dismissed, the respondent district acted properly.

Under the provisions of section 13601 of the Education Code[3] the respondent district had the power to fix the compensation of its employees in the classified service. Under this authority the district could have adopted a rule, as part of the compensation to be paid to such an employee, which

---

[2]Section 12912. '' 'Sex offense' as used in Sections 13130, 13207, 13218, 13255, and 13586 of this code means any offense defined in Sections 266, 267, 285, 286, 288, 288a, 647a, subdivision 3 or 4 of Section 261, subdivision 5 of Section 647, or subdivision 2 of Section 311 of the Penal Code; or any offense defined in subdivision 1 of Section 311 of the Penal Code committed on or after the effective date of the amendment of this section made at the 1955 Regular Session by the Legislature; or any offense involving lewd and lascivious conduct under Section 702 of the Welfare and Institutions Code; or any attempt to commit any of the above-mentioned offenses; or any offense committed or attempted in any other state which, if committed or attempted in this State, would have been punishable as one or more of the above-mentioned offenses.''

[3]Section 13601. ''Power of governing board to fix compensation. The governing board of any school district shall fix and order paid the compensation of persons a part of the classified service and other employees not requiring certification qualifications employed by the board unless otherwise prescribed by law.''

would have authorized payment to him of wages or salary lost by reason of his compulsory leave of absence for arrest and conviction of a sex offense such as is defined in section 12912 of the Education Code, upon his return to service with the district following his acquittal of the offense, or the dismissal of the charges against him.[4] Such a rule, however, would be effective prospectively, and could not constitutionally authorize the payment of such compensation to one who had lost wages or salary by reason of such compulsory leave of absence prior to the adoption of such rule. In the case at bench, the respondent district had not adopted such a rule, and, as heretofore pointed out, it had not adopted the merit system of employment which, had it been adopted by the district prior to the happening of the incident here involved, would have afforded appellant the relief here sought under the provisions of section 13742 of the Education Code.

The district, not having adopted such a rule and not having adopted the statutory merit system of employment prior to the happening of the incident which resulted in appellant's compulsory leave of absence, is now without the power or authority retrospectively to pay appellant for his loss of salary or wages during the time that he was lawfully under

[4]Section 13742. ''For reasonable causes an employee may be suspended without pay for not more than 30 days except as provided in this section or may be demoted or dismissed. In such case the personnel director shall within 10 days of the suspension, demotion, or dismissal file written charges with the commission and give to the employee or deposit in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address, a copy of the charges.

''Upon filing of a complaint, information or indictment that an employee has committed a sex offense as defined in Section 12912, the employee may immediately be suspended for a period of time extending for not more than 10 days after the date of the entry of the court judgment; provided, that the suspension may be extended beyond such 10-day period in case the governing board gives notice within such 10-day period that it will dismiss the employee 30 days after the service of the notice, unless he demands a hearing. An employee so suspended shall continue to be paid his regular salary during the period of the suspension if and during such time as he furnishes to the school district a suitable bond, or other security acceptable to the governing board, as a guarantee that the employee will repay to the school district the amount of salary so paid to him during the period of the suspension in case the employee is convicted of a sex offense as defined in Section 12912 or he does not return to service after such period of suspension. If the judgment determines that the employee is not guilty of a sex offense as defined in Section 12912, or if the complaint, information or indictment is dropped, the school district shall reimburse the employee for the cost of the bond; or, if the employee has not elected to furnish such bond, the school district shall pay to the employee his full compensation during the period of the suspension; provided, he returns to service after such period of suspension.''

the compulsory leave of absence. In the circumstances here shown, the payment now of appellant's loss of wages or salary for the period that he was lawfully suspended and dismissed would constitute a gift of public funds in violation of sections 31 and 32 of article IV .of the California Constitution. (See *Conlin* v. *Board of Supervisors,* 99 Cal. 17 [33 P. 753, 37 Am.St.Rep. 17, 21 L.R.A. 474]; *Patrick* v. *Riley,* 209 Cal. 350, 354 [287 P. 455]; *Martin* v. *Henderson,* 40 Cal.2d 583, 591 [255 P.2d 416]; *Lamb* v. *Board of County Peace Officers etc. Com.,* 29 Cal.App.2d 348, 350 [84 P.2d 183]; *Conover* v. *Board of Equalization,* 44 Cal.App.2d 283, 287 [112 P.2d 341].)

The powers, duties and obligations of a school district must be found within the limits of the statutory provisions governing school districts. In this connection it has been affirmed that school districts are quasi-municipal corporations of the most limited power known to the law. Their trustees have special powers and cannot exceed the limit of such powers. (*Skelly* v. *Westminster School Dist.,* 103 Cal. 652, 659 [37 P. 643]; *Pasadena School Dist.* v. *City of Pasadena,* 166 Cal. 7, 11 [134 P. 985, Ann.Cas. 1915B 1039, 47 L.R.A. N.S. 892]; *City of Oakland* v. *Oakland etc. School Dist.,* 138 Cal.App.2d 406, 409 [291 P.2d 1001]; *Yreka etc. School Dist.* v. *Siskiyou etc. School Dist.,* 227 Cal.App.2d 666, 670 [39 Cal.Rptr. 112].)

The appellant argues that there is no basis in reason or public policy why a classified employee in the respondent district should have fewer rights than a classified employee or a teacher in any other school district, and discrimination that bears no reasonable relation to a proper legislative objective violates the equal protection clause of the federal Constitution (14th Amend.), and those provisions of the State Constitution prohibiting the Legislature from passing special laws where general laws can be made applicable (art. IV § 25, subd. Thirty-third, now art. IV § 16). Upon this premise, appellant argues that to construe the applicable provisions of the Education Code in such manner as to deprive him of the wages or salary claimed would be arbitrary and discriminatory and would deny him his right to equal protection of the laws guaranteed under the United States Constitution.

The thrust of appellant's contention appears to be that the Legislature has unreasonably and unconstitutionally discriminated against him by the enactment of section 13409 of the Education Code, applicable to certificated employees, and the

enactment of section 13742 of the Education Code, the merit system plan made applicable to classified employees when such plan has been adopted by a school district in the manner therein provided. No facts were presented by way of a declaration in opposition to the motion for summary judgment to support appellant's claim that the statutes here under consideration unreasonably discriminated against him. (See *Wilkins* v. *City of San Bernardino,* 29 Cal.2d 332, 333-334 [175 P.2d 542]; *Corporation of Presiding Bishop* v. *City of Porterville,* 90 Cal.App.2d 656, 660 [203 P.2d 823]; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 894.) Since equal protection of the law is denied only when persons in like circumstances are treated differently, it must be appellant's position that employment conditions are substantially the same in all California school districts, large or small, city or rural, etc. Appellant makes no showing that he was treated differently from other classified personnel employed by respondent district. The protection offered by Education Code, section 13742 is but one of the benefits conferred upon an employee in the classified service incident to his employment in a particular school district. There are other benefits and also burdens incident to such employment. Wages, hours of work, working conditions, location of the school district and fringe benefits are some of the considerations that make up the total of such benefits or burdens. The size of a particular school district and its financial ability to assume extra burdens of compensation to its classified employees was, no doubt, taken into consideration by the Legislature in making the adoption of the merit system plan optional instead of compulsory. We cannot reasonably assume that all school district employees in California are employed under like circumstances. ■ If any state of facts can reasonably be conceived which would sustain a statutory classification, there is a presumption that this state of facts exists and the burden of demonstrating arbitrariness rests upon the party who assails the classification. ■ The Legislature is not bound, in order to adopt a constitutionally valid statute, to extend it to all cases which might possibly be reached, but is free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident. ■ The mere fact that a class to which a statute applies consists of only one unit or entity does not render the enactment invalid. (*Board of Education* v. *Watson,* 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) The

authority and duty to ascertain the facts which will justify class legislation lies with the Legislature and not with the courts, and the Legislature is vested with a wide discretion in adopting classifications to which any particular statute is made applicable, and every presumption is in favor of its validity. (*Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276, 288 [32 Cal.Rptr. 830, 384 P.2d 158].) We are of the opinion that the provisions of the Education Code here under consideration are not subject to the unconstitutional disability ascribed to them by appellant.

The question presented here is one of law only, and we are of the opinion that appellant is not entitled to a declaration in his favor. (See *Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624 [213 P.2d 492]; *Spencer* v. *Hibernia Bank,* 186 Cal.App.2d 702, 712 [9 Cal.Rptr. 867].)

The judgment is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.