[Civ. No. 32796.   Second Dist., Div. Two.   June 28, 1968.]

DONAVAN J. HARGENS et al., Petitioners, v. ALCOHOLIC
BEVERAGE CONTROL APPEALS BOARD, Respond-
ent; DEPARTMENT OF ALCOHOLIC BEVERAGE
CONTROL, Real Party in Interest.

602

Potter Creim & Rogers and Bertram L. Potter for Petitioners.

William D. Markenson as Amicus Curiae on behalf of Petitioners.

Thomas C. Lynch, Attorney General, and David Gould, Deputy Attorney General, for Respondent and for Real Party in Interest.

McCOY, J. pro tem.*—This is a timely proceeding to review a decision of the Alcoholic Beverage Control Appeals Board affirming a decision of the Department of Alcoholic Beverage Control suspending petitioners' on-sale beer and wine license. (Bus. & Prof. Code, § 23090 et seq.)

On January 26, 1967, an accusation was filed with the department against petitioners, charging that on December 22, 1966, they, as licensees "did use the services of Angelina McKeel, a female person not the wife of co-licensee Donavan Hargens, in the dispensing of wine from behind a permanently affixed fixture which is used for the preparation or concoction of alcoholic beverages on the [licensed] premises used for the sale of alcoholic beverages for consumption thereon," in violation of section 25656 of the Business and Professions Code. Following hearing on the accusation the hearing officer recommended that petitioners' license be suspended for five days. On May 18 the department adopted the decision of the hearing officer as its decision to become effective July 6, 1967. The decision of the department was affirmed by the Alcoholic Beverage Control Appeals Board on January 30, 1968.

Although purportedly attacking the decision of the department on several statutory grounds (Bus. & Prof. Code, § 23090.2), petitioners' principal contention, and the only one with respect to which any authorities have been presented, is that section 25656 of the Business and Professions Code is unconstitutional. Specifically they contend that the section violates the Fifth and Fourteenth Amendments of the United States Constitution, in that it denies them equal protection of the laws and denies them substantive due process of law. They further contend that the section also violates their rights under article XX, section 18, of the California Constitution.[1] Accordingly, we shall confine ourselves to a consideration of the constitutionality of the section.

At the time the accusation was filed against petitioners section 25656 of the Business and Professions Code read as

---

[1]Petitioners further contend that section 25656 as interpreted by the department and the board violates their rights secured by the Federal Civil Rights Acts of 1964 and 1966. However, as the Attorney General points out, those acts apply only to persons who, in December 1966, were the employers of 75 employees, and now applies to those who have 25 employees. (U.S.C. Title 42, § 2000e (b) and (h). Petitioners admitted at the hearing that they only had four employees in December 1966.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

follows: "Every person who uses the services of a female in dispensing wine or distilled spirits from behind any permanently affixed fixture which is used for the preparation or concoction of alcoholic beverages containing distilled spirits, on any premises used for the sale of alcoholic beverages for consumption on the premises, or any female who renders such services on such premises, is guilty of a misdemeanor, and upon conviction is punishable by a fine of not more than one hundred dollars ($100) or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment. The provisions of this section do not apply to the dispensing of wine or distilled spirits or to the mixing of alcoholic beverages containing distilled spirits by any on-sale licensee or to the dispensing of wine or distilled spirits or to the mixing of such beverages by the wife of any licensee on the premises for which her husband holds an on-sale license."[2]

■ It is not necessary to review here the cases which govern the powers of the courts in determining the constitutionality of acts of the Legislature. It is enough to note, as stated in *Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 544-545 [63 Cal.Rptr. 21, 432 P.2d 717], "that every intendment is in favor of the constitutionality of the legislative act. (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38, 7 A.L.R.2d 990].)

■ As stated in *Lockard,* '. . . we must keep in mind the fact that the courts are examining the act of a coordinate branch of the government—the legislative—in a field in which it has paramount authority, and not reviewing the decision of a lower tribunal or of a fact-finding body. Courts have nothing to do with the wisdom of laws or regulations, and the legislative power must be upheld unless manifestly abused so as to infringe on constitutional guaranties. The duty to uphold legislative power is as much the duty of appellate courts as it is of trial courts, and under the doctrine of separation of powers neither the trial nor appellate courts are authorized to "review" legislative determinations. The only function of the courts is to determine whether the exercise of

---

[2]Section 25656 was amended in 1967 to add a further exception by providing that the section does not apply "to the dispensing of wine or distilled spirits or to the mixing of such spirits by a female, when she is the sole shareholder or when she and her husband are sole shareholders of the corporation which holds the on-sale license for the premises." (Stats. 1967, ch. 867.)

legislative power has exceeded constitutional limitations.' (Pp. 461-462.)''

■ The essence of petitioners' argument is that in enacting section 25656 of the Business and Professions Code, the Legislature adopted an unreasonable and arbitrary classification of persons who may dispense wine or distilled spirits from behind a bar or in mixing alcoholic beverages containing distilled spirits which deprives petitioners of equal protection of the law and that the action is therefore unconstitutional. They contend that there can be no constitutionally reasonable —nor any logical distinction made between a female licensee or the wife of any licensee on the premises for which her husband holds an on-sale license, and any other female.

■ The rules by which we must determine whether section 25656 establishes an arbitrary or unreasonable classification were recently restated in *Whittaker* v. *Superior Court*, 68 Cal.2d 357, 367-368 [66 Cal.Rptr. 710, 438 P.2d 352] : "It is clear, however, that neither the equal protection clause of the United States Constitution,[14] nor those provisions of the state Constitution which embody the principle of equality before the law,[15] proscribe legislative classification per se. On the contrary such constitutional provisions, which in general assure that persons in like circumstances be given equal protection and security in the enjoyment of their rights[16] (see 3 Witkin, Summary of Cal. Law (7th ed. 1960) Constitutional Law, § 125, p. 1930), permit classification 'which has a substantial relation to a legitimate object to be accomplished. . . .' (*Board of Education* v. *Watson* (1966) 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481]; see

---

"[14]'. . . nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws.' (U.S. Const., Amend. XIV, § 1.)

"[15]'All laws of a general nature shall have a uniform operation.' (Cal. Const., art . I, § 11.)

" '. . . nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.' (Cal. Const., art. I, § 21.)

"Former article IV, section 25, of the California Constitution, which forbade the passage of 'local or special laws' in certain enumerated cases, was repealed on November 8, 1966. Its subject matter is now treated in article IV, section 16, which provides: 'A local or special statute is invalid in any case if a general statute can be made applicable.'

"[16]'[T]he test for determining the validity of a statute where a claim is made that it unlawfully discriminates against any class is substantially the same under the state prohibition against special legislation and the equal protection clause of the federal Constitution.' (*County of Los Angeles* v. *Southern Cal. Tel. Co.* (1948) 32 Cal.2d 378, 389 [196 P.2d 773].)

*Morey* v. *Doud* (1957) 354 U.S. 457, 463-466 [1 L.Ed.2d 1485, 1490-1492, 77 S.Ct. 1344]; *Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal.2d 228, 233 [18 Cal.Rptr. 501, 368 P.2d 101]; *Lelande* v. *Lowery* (1945) 26 Cal.2d 224, 232 [157 P.2d 639, 175 A.L.R. 1109]; *People* v. *Western Fruit Growers, Inc.* (1943) 22 Cal.2d 494, 506 [140 P.2d 13]; *Martin* v. *Superior Court* (1924) 194 Cal. 93, 100 [227 P. 762].) So long as such a classification 'does not permit one to exercise the privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unobjectionable upon this ground.' (*Watson* v. *Division of Motor Vehicles* (1931) 212 Cal. 279, 284 [298 P.2d 481]; see also *Blumenthal* v. *Board of Medical Examiners, supra,* 57 Cal.2d 228, 233.)

■ Finally, it is to be observed that a classification based on legislative experience is presumed valid and will not be rejected unless plainly arbitrary. ■ 'Statutory discrimination between classes which are in fact different must be presumed to be relevant to a permissible legislative purpose, and will not be deemed to be a denial of equal protection if any state of facts could be conceived which would support it.' (*Asbury Hospital* v. *Cass County* (1945) 326 U.S. 207, 215 [90 L.Ed. 6, 13, 66 S.Ct. 61]; see *Board of Education* v. *Watson, supra,* 63 Cal.2d 829, 833.) ''3

---

3To the same effect, see *Rogers* v. *Centrone,* 261 Cal.App.2d 361, 364 [67 Cal.Rptr. 909]: ''It must be recognized that '''Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. [Citations.] A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.'' ' (*State of California* v. *Industrial Acc. Com.,* 48 Cal.2d 365, 371 [310 P.2d 7].)'' See also *Hutton* v. *Pasadena City Schools,* 261 Cal.App.2d 586, 593-594 [68 Cal.Rptr. 103]: ''The Legislature is not bound, in order to adopt a constitutionally valid statute, to extend it to all cases which might possibly be reached, but is free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident. The mere fact that a class to which a statute applies consists of only one unit or entity does not render the enactment invalid. (*Board of Education* v. *Watson,* 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) The authority and duty to ascertain the facts which will justify class legislation lies with the Legislature and not with the courts, and the Legislature is vested with a wide discretion in adopting classifications to which any particular statute is made applicable, and every presumption is in favor of its validity. (*Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276, 288 [32 Cal.Rptr. 830, 384 P.2d 158].) We are of the opinion that the provisions of the Education Code here under consideration are not subject to the unconstitutional disability ascribed to them by appellant.''

As stated in *Morey* v. *Doud,* 354 U.S. 457, 463-464 [1 L.Ed.2d 1485, 1490, 77 S.Ct. 1344], cited in *Whittaker, supra,* the rules for testing a statutory discrimination have been summarized in *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 79 [55 L.Ed. 369, 377, 31 S.Ct. 337, Ann.Cas. 1912C 160], as follows: "1. The equal-protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." To these rules the court added "the caution that 'Discriminations of an unusual character especially suggest careful consideration to determine whether they are obnoxious to the constitutional provision.' *Louisville Gas & Elec. Co.* v. *Coleman,* 277 U.S. 32, 37, 38 [72 L.Ed. 770, 774, 48 S.Ct. 423]; *Hartford S.B.I. & Ins. Co.* v. *Harrison,* 301 U.S. 459, 462 [81 L.Ed. 1223, 1226, 57 S.Ct. 838]." These rules are quoted with approval in *Ferrante* v. *Fish & Game Com.,* 29 Cal.2d 365, 371-372 [175 P.2d 222].

█ Coming to the case before us, it must be remembered that "There can be no question that because of the particular problems presented by traffic in liquor that it is subject to regulation by the state in the exercise of its police power. (*Schaub's, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 858, 867 [315 P.2d 459].) █ Furthermore, ' ". . . there is no inherent right in a citizen to engage in the business of selling alcoholic beverages . . . [and] the governing authority may, therefore, in the exercise of the police power for the protection of the public morals, health and safety, grant the privilege of selling alcoholic beverages upon such terms and conditions as it may determine." ' (*Kirchhubel* v. *Munro,* 149 Cal.App.2d 243, 247-248 [308 P.2d 432].) █ A classification made for the purpose of regula-

tion will be upheld unless it is without any reasonable basis and the party attacking such classification has the burden of demonstrating the arbtrariness thereof." (*Sibert* v. *Department of Alcoholic Beverage Control*, 169 Cal.App.2d 563, 566-567 [337 P.2d 882].)

Laws restricting the employment of women in establishments where alcoholic beverages are sold for consumption on the premises have long been upheld in this state as a proper exercise of the police power. In *Ex parte Felchlin* (1892) 96 Cal. 360 [31 P. 224, 31 Am.St.Rep. 223], it was held that there "is nothing unfair, unreasonable, or arbitrary" in an ordinance forbidding the employment of females in the capacity of bartender, waitress, or in any capacity whatever in a saloon or bar where intoxicating liquors are bought or sold in less quantities than one quart to be served, distributed, drank or used on the premises. A year later, in *Ex parte Hayes* (1893) 98 Cal. 555 [33 P. 337, 20 L.R.A. 701], the court upheld the constitutionality of a city ordinance which provided that no license to engage in the business of selling spirituous malt or fermented liquor shall be issued to any person to conduct such a business in any place in which females are permitted to wait or attend in any manner on any person. (See also *Foster* v. *Police Comrs.* (1894) 102 Cal. 483 [37 P. 763, 41 Am.St.Rep. 194].) In both *Felchlin* and *Hayes*, it was held that the ordinances there involved did not violate the provisions of article XX, section 18, of the Constitution of this state.[4] As the court said in *Ex parte Hayes, supra*, "This section does not in our opinion operate as a limitation upon the powers of the state or its municipalities, to prescribe the conditions upon which the business of retailing intoxicating liquors shall be permitted to be carried on, or in regulating the manner in which such business shall be conducted."

So far as we can ascertain the questions involved here were not again considered by the appellate courts until 1942 in *People* v. *Jemnez*, 49 Cal.App.2d Supp. 739 [121 P.2d 543]. The question was whether section 56.4 of the former Alcoholic Beverage Control Act (Stats. 1937, ch. 681, p. 1934) was constitutional. That section, so far as pertinent here reads (p. 740) : " ' Every person who uses the services of a female in mixing alcoholic beverages . . . on any premises used for the sale of alcoholic beverages for consumption on the premises, or

---

[4]California Constitution, article XX, section 18: "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession."

any female who renders such services on such premises, is guilty of a misdemeanor. . . . The provisions of this section shall not apply to the mixing of alcoholic beverages . . . by any on-sale licensee nor to the mixing of such beverages by the wife of any licensee on the premises for which her husband holds an on-sale license.' '' The court held that these provisions of the act did not violate article XX, section 18, of the Constitution, and did not abridge the privileges and immunities or deny equal protection of the laws to those whose employment is prohibited. As to the latter point the court said:

"The argument that the section forbidding women employees to mix drinks abridges the privileges and immunities of citizens and denies equal protection of the laws to those whose employment is prohibited, overlooks two fundamental propositions: (1) that the business here involved is one of privilege and not of right; and (2) that the classification of women with respect to mixing drinks is reasonable. When these two propositions are established, as we believe they are in this case, the force of the argument vanishes. (See *In re Considine* (1897) 83 F. 157; *People* v. *Case* (1908) 153 Mich. 98 [116 N.W. 558, 18 L.R.A. N.S. 657]; *City of Hoboken* v. *Goodman* (1902) 68 N.J.L. 217 [51 A. 1092].)

"Furthermore, a particular class of women has no constitutional right to be employed in a particular business when the effect of such employment would be detrimental to society. The section of the Alcoholic Beverage Control Act under consideration divides women into three different classes with respect to the privilege of mixing drinks in a place having an on-sale license, and gives the privilege to two of these groups while denying it to the third. It seems to us that there is a fair and substantial basis for the classification. As to the group of women who are licensees, the Board of Equalization has direct supervision over them with the power to revoke or suspend their licenses, so it is not reasonable to assume that such a licensee is going to do anything improper and thus lose her license and business. As to the wife of a licensee, she is more nearly in the position of a licensee than in that of an employee and her presence may fairly be considered to be a restraint upon impropriety. A mere employee would not have the same incentive to prevent improprieties that either a licensee or the wife of a licensee would naturally have. Furthermore, the legislature may well have concluded that it

would be an unwholesome influence upon the women them-
selves, the general public, and upon our young people to
permit women generally to act as bartenders. The precise
classification here involved was approved in *City of Hoboken*
v. *Goodman, supra.''* (*People* v. *Jemnez, supra,* 49 Cal.App.
2d Supp. 739, 742-743.)

Apparently the only case that is out of line with those we
have discussed is *In re Maguire* (1881) 57 Cal. 604 [40 Am.
Rep. 125]. We agree with the court in *Jemnez* that *Maguire*
was discredited, if not actually disapproved in *Ex parte
Hayes, supra,* 98 Cal. 555, and in *Foster* v. *Police Comrs.,* 102
Cal. 483 [37 P. 763, 41 Am.St.Rep. 194], and that *Maguire*
cannot now be regarded as representing the law of this state.

As we read it, we find no discrimination of an
unusual character in section 25656 of the Business and Pro-
fessions Code. If anything, the provisions of that section are
perhaps less restrictive of earlier statutes and ordinances pro-
hibiting the employment of women in bars and similar estab-
lishments. In our opinion the section does not abridge the
privileges and immunities of, or deny, equal protection of the
laws to the petitioners as employers, any more than it
abridges the constitutional rights of the woman who was their
employee.

In the light of the foregoing authorities we hold that the
enactment of section 25656 of the Business and Professions
Code is proper exercise of the police power of the state and is
constitutional.

The conclusion we have here reached finds support in *Goe-
saert* v. *Cleary,* 335 U.S. 464 [93 L.Ed. 163, 69 S.Ct. 198],
sustaining the constitutionality of a Michigan statute requir-
ing all bartenders to be licensed, but forbidding the issuance
of such a license to a female unless she be ''the wife or daugh-
ter of the male owner'' of a licensed liquor establishment.
The claim there was that the state ''cannot forbid females
generally from being barmaids and at the same time make an
exception in favor of the wives and daughters of the owners
of liquor establishments.'' ''To ask,'' said Justice Frank-
furter speaking for the court, ''whether or not the Equal
Protection of the Laws Clause of the Fourteenth Amendment
barred Michigan from making the classification the State has
made between wives and daughters of owners of liquor places
and wives and daughters of nonowners, is one of those rare
instances where to state the question is in effect to answer it.''

The Fourteenth Amendment, said the court, ''did not tear

history up by the roots, and the regulation of the liquor traffic is one of the oldest and most untrammeled of legislative powers. Michigan could, beyond question, forbid all women from working behind a bar. This is so despite the vast changes in the social and legal position of women. The fact that women may now have achieved the virtues that men have long claimed as their prerogatives and now indulge in vices that men have long practiced, does not preclude the States from drawing a sharp line between the sexes, certainly in such matters as the regulation of the liquor traffic. See the Twenty-First Amendment and *Carter* v. *Virginia,* 321 U.S.131 [88 L.Ed. 605, 64 S.Ct. 464]. The Constitution does not require legislatures to reflect sociological insight, or shifting social standards, any more than it requires them to keep abreast of the latest scientific standards."[5] The court also held that it is not unconstitutional for Michigan to withdraw from women the occupation of bartending because it allows women to serve as waitresses where liquor is dispensed.

In our opinion the decisions discussed above are dispositive of the only issue before us in this proceeding. Accordingly we do not believe it would serve any useful purpose to discuss the many other decisions cited by the parties and by amicus curiae, or the arguments based thereon. It is enough to say that we

---

[5]Holding that the line drawn by the Michigan Legislature "is not without a basis in reason," the court said in *Goesaert* (pp. 466-467 [93 L.Ed. at pp. 165-166]): "While Michigan may deny to all women opportunities for bartending, Michigan cannot play favorites among women without rhyme or reason. The Constitution in enjoining the equal protection of the laws upon States precludes irrational discrimination as between persons or groups of persons in the incidence of a law. But the Constitution does not require situations 'which are different in fact or opinion to be treated in law as though they were the same.' *Tigner* v. *Texas,* 310 U.S. 141, 147 [84 L.Ed. 1124, 1128, 60 S.Ct. 879, 130 A.L.R. 1321]. Since bartending by women may, in the allowable legislative judgment, give rise to moral and social problems against which it may devise preventive measures, the legislature need not go to the full length of prohibition if it believes that as to a defined group of females other factors are operating which either eliminate or reduce the moral and social problems otherwise calling for prohibition. Michigan evidently believes that the oversight assured through ownership of a bar by a barmaid's husband or father minimizes hazards that may confront a barmaid without such protecting oversight. This Court is certainly not in a position to gainsay such belief by the Michigan legislature. If it is entertainable, as we think it is. Michigan has not violated its duty to afford equal protection of its laws. We cannot cross-examine either actually or argumentatively the mind of Michigan legislators nor question their motives. Since the line they have drawn is not without a basis in reason, we cannot give ear to the suggestion that the real impulse behind this legislation was an unchivalrous desire of male bartenders to try to monopolize the calling."

find nothing in these decisions which compels a conclusion different from that which we have reached.

The decision of the Department of Alcoholic Beverage Control here under review is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied July 12, 1968, and petitioners' application for a hearing by the Supreme Court was denied August 21, 1968.